MURRELL et al., Appellants,

v.

WILLIAMSBURG LOCAL SCHOOL DISTRICT et al., Appellees.

[Cite as *Murrell v. Williamsburg Local School Dist.* (1993), 92 Ohio App.3d 92.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–02–009.

Decided Dec. 27, 1993.

*T. David Burgess Co., L.P.A., T. David Burgess* and *David A. Kichler*, for appellants Carl A. Murrell and Donald C. Mitchell II.

*Freund, Freeze & Arnold, Thomas B. Bruns, Gordon D. Arnold* and *Scott F. McDaniel*, for appellees.

---

*Per Curiam.*

Plaintiff-appellant, Carl A. Murrell, and appellant, Donald C. Mitchell II, appeal a decision of the Clermont County Court of Common Pleas granting the motion of defendant-appellee, Auto Owners Insurance Company ("Auto Owners"), for sanctions against them.

On August 21, 1991, Murrell, through his attorney, Mitchell, filed a complaint against Williamsburg Local School District, Donna L. Courts, and Auto Owners, alleging that Murrell's car was damaged by Courts, a bus driver for Williamsburg. Auto Owners is Williamsburg's insurance carrier. The complaint alleged that Auto Owners denied his claim for damages and that it was "liable * * * for the tort of bad faith."

On September 18, 1991, Auto Owners filed a motion to dismiss, claiming that an injured party has no cause of action for bad faith against the alleged tortfeasor's insurer and that, pursuant to R.C. 3929.06, an injured party may file a supplemental petition against the tortfeasor's insurer only after being awarded judgment against the tortfeasor. Subsequently, counsel for Auto Owners sent a letter to Mitchell requesting that he voluntarily dismiss the complaint against Auto

Owners on the basis that the claim was not justified under Ohio law. At a hearing on December 30, 1991, counsel for Auto Owners again asked Mitchell to drop the claim against Auto Owners, which appellants refused to do. However, appellants never responded in any way to Auto Owners' motion to dismiss. The trial court granted Auto Owners' motion to dismiss on March 5, 1992.

On March 26, 1992, Auto Owners filed a motion asking that sanctions of attorney fees and costs be assessed against appellants pursuant to R.C. 2323.51. Following a hearing, the trial court concluded that the claim against Auto Owners was frivolous. At a second hearing on attorney fees, Auto Owners presented itemized bills from its attorneys, while appellants presented no evidence. Subsequently, the trial court awarded Auto Owners judgment against appellants in the amount of $2,741.75. This appeal followed.

Appellants present two assignments of error for review. In their first assignment of error, appellants state that the trial court erred by ruling that they did not act in good faith by filing suit directly against Auto Owners. Appellants argue that they had a good faith argument for extension, modification, or reversal of existing law. We find this assignment of error is not well taken.

R.C. 2323.51(B)(1) authorizes a court to award reasonable attorney fees to any party in a civil action adversely affected by frivolous conduct. *Melvin Stone Co. v. Everman* (Mar. 8, 1993), Clinton App. No. CA92–06–012, unreported, at 3, 1993 WL 61765. A claim is frivolous if it is "not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(b). A trial court's decision to impose sanctions under R.C. 2323.51 will not be reversed on appeal absent an abuse of discretion. *Turowski v. Johnson* (1991), 70 Ohio App.3d 118, 121, 590 N.E.2d 434, 436; *Heller v. Bohecker's Business College, Inc.* (Dec. 21, 1992), Butler App. No. CA92–07–130, unreported, at 2, 1992 WL 379382.

R.C. 3929.06 authorizes an injured party to file a supplemental petition against the tortfeasor's insurer after recovering a judgment against the tortfeasor which has not been satisfied within thirty days. Appellants rely on *Krejci v. Prudential Prop. & Cas. Ins. Co.* (1993), 66 Ohio St.3d 15, 607 N.E.2d 446, in which the Ohio Supreme Court answered in the negative a question certified by a federal district court that read: "Does Ohio Revised Code § 3929.06 preclude an injured person from bringing any action * * * against the tortfeasor's insurer unless the injured person has first obtained a judgment against the insured?" Appellants argue that they are not the only attorney and client who have attempted to change this rule of law, and that they had a good faith basis for their claim against Auto Owners. We find no merit in this argument.

First, *Krejci* was decided on February 24, 1993, almost two years after the trial court granted Auto Owners' motion to dismiss. Prior to that case, appellate courts had uniformly held that, under R.C. 3929.06, an injured party could not file suit directly against the tortfeasor's insurer. See, *e.g.*, *Lawreszuk v. Nationwide Ins. Co.* (1977), 59 Ohio App.2d 111, 13 O.O.3d 165, 392 N.E.2d 1094; *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 63 O.O.2d 364, 299 N.E.2d 295; *Secrest Trucking Co., Inc. v. Szerzinski* (Jan. 25, 1988), Stark App. No. CA–7298, unreported, 1988 WL 17839. Second, appellants' assertion that they were seeking a reversal of the law is belied by their failure to file a response to Auto Owners' motion to dismiss, an omission for which they provided no explanation. As the trial court pointed out, "if Plaintiff had been possessed of such an argument, he would have made it in opposition to the Motion to Dismiss." Third, *Krejci* does not stand for the proposition that appellants could file a bad faith claim against Auto Owners. Ohio law is clear that an insurer's duty to act in good faith runs only from the insurer to the insured and a third party has no cause of action for bad faith against the tortfeasor's insurance company. *Pasipanki v. Morton* (1990), 61 Ohio App.3d 184, 185, 572 N.E.2d 234, 234; *D.H. Overmyer Telecasting Co. v. Am. Home Assur. Co.* (1986), 29 Ohio App.3d 31, 34, 29 OBR 32, 35, 502 N.E.2d 694, 697; *Paroline v. Doling & Assoc.* (Nov. 15, 1990), Montgomery App. Nos. 11571, 11789 and 11919, unreported, at 7, 1990 WL 177663.

We cannot conclude that the trial court's decision that appellants' claim against Auto Owners is frivolous is so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. *Turowski, supra,* 70 Ohio App.3d at 119, 590 N.E.2d at 435; *Everman, supra,* at 8–9. Accordingly, appellants' first assignment of error is overruled.

In their second assignment of error, appellants state that the trial court erred in assessing attorney fees against them. Under this assignment of error, appellants make two distinct arguments. First, appellants argue that Auto Owners failed to present proper evidence that they had engaged in frivolous conduct. Second, appellants argue that attorney fees could only be assessed for the expenses incurred in relation to the motion to dismiss. We find this assignment of error is not well taken.

R.C. 2323.51(B) sets forth the procedure to be followed in determining if an award of attorney fees is appropriate. It provides:

"An award of reasonable attorney's fees may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action, but only after the court does all of the following:

"(a) Sets a date for a hearing to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;

"(b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party allegedly adversely affected by frivolous conduct;

"(c) Conducts the hearing described in division (B)(2)(a) of this section, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct in question was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made."

Appellants rely upon *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (1991), 62 Ohio App.3d 757, 761, 577 N.E.2d 446, 449, in which the court stated, "a motion for attorney's fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not the evidentiary material submitted with the motion or otherwise." In the present case, the trial court did hold a hearing at which arguments were presented. The parties had an opportunity to present evidence, but they did not. Appellants did not object in any way to this procedure or attempt to present their own evidence. Appellants never even raised the issue in the trial court, and we conclude that they waived it. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630.

 Further, in making its decision, the trial court relied upon the pleadings and appellants' failure to file a response to Auto Owners' motion to dismiss in concluding that appellants' conduct was frivolous. We do not think that the statute obligates the parties to present into evidence documents and proceedings already in the record. To do so would be a "pointless gesture." See *State ex rel. Freeman v. Wilkinson* (1992), 64 Ohio St.3d 516, 517–518, 597 N.E.2d 126, 126–127; *Ward v. Lions Den* (Nov. 25, 1992), Ross App. No. 1867, unreported, at 10–11, 1992 WL 487197. We conclude that appellants were not prejudiced by the fact that no additional evidence was presented at the hearing held, particularly given that appellants never sought to introduce any evidence. Accordingly, we are not persuaded that the trial court abused its discretion in failing to hold an evidentiary hearing. See *id.* at 10–11.

 Appellants further argue that the court improperly determined the amount of attorney fees to be awarded. R.C. 2323.51(B)(3) provides that the award of attorney fees "shall not exceed, and may be equal to or less than * * *

the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct." The trial court's decision as to the appropriate level of attorney fees will not be reversed on appeal absent an abuse of discretion. *Turowski, supra,* 70 Ohio App.3d at 123, 590 N.E.2d at 437.

The party seeking attorney fees may submit at the hearing "an itemized list or other evidence of the legal services necessitated by the frivolous conduct, the time expended in rendering the services, and * * * the attorney's fees associated with the services." R.C. 2323.51(B)(5). At the hearing on attorney fees, Auto Owners presented itemized bills from its attorneys showing the time expended on the case. Auto Owners acknowledged that it was obligated to defend its insured, Williamsburg Local School District, and therefore it submitted only fifty percent of the charges incurred prior to the granting of the motion to dismiss for consideration by the trial court. It submitted all expenses that were incurred after the filing of the motion to dismiss. Appellants presented no evidence at the hearing. In granting Auto Owners the entire amount of fees it requested, the court concluded:

"In this Court's view, Mr. Mitchell's frivolous conduct continued beyond the filing of the complaint and through the motion for sanctions. The memorandum in response to Plaintiff's request for sanctions cited case law in a misleading fashion which required expenditure of time on behalf of the Defendants in the preparation of a memoranda contra thereto."

We cannot conclude that the trial court's decision is so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. While the trial court is required to make a determination of the reasonableness of the request for attorney fees, *Yarber v. Cooper* (1988), 61 Ohio App.3d 609, 614–615, 573 N.E.2d 713, 716–717, the trial court in this case did indicate it had carefully reviewed the itemized bills submitted into evidence. Since appellants presented no evidence at all showing that the fees were not reasonable, the uncontradicted evidence presented by Auto Owners is sufficient to support the fees awarded. *Earl Evans Chevrolet, Inc. v. Gen. Motors Corp.* (1991), 74 Ohio App.3d 266, 286, 598 N.E.2d 1187, 1200. "In the absence of any other evidence, we presume the trial court's determination of attorney's fees to be error-free * * *." *Yarber, supra,* 61 Ohio App.3d at 616, 573 N.E.2d at 717. Accordingly, appellants' second assignment of error is overruled.

*Judgment affirmed.*

KOEHLER, P.J., WILLIAM W. YOUNG and WALSH, JJ., concur.