OPINION
Plaintiffs-appellants the Mifflin Group, et al. appeal the April 22, 1998 Judgment Entry of the Ashland County Court of Common Pleas, which denied their motion for attorney fees for frivolous conduct. Defendants-appellees are the Muskingum Watershed Conservancy District (hereinafter "MWCD") and Johnny Appleseed Heritage Center, Inc. (hereinafter "Johnny Appleseed").
 STATEMENT OF THE CASE
Appellants are taxpayers who brought an action for declaratory judgment against appellees questioning the authority of MWCD to enter into a lease with Johnny Appleseed. The action was originally commenced in the Conservancy Court, but voluntarily dismissed by appellants and refiled in the Ashland County Court of Common Pleas. The common pleas court granted appellees' motion for summary judgment in that action.
MWCD filed a motion for attorney fees against appellants for frivolous conduct pursuant to R.C. 2323.51. Thereafter, appellants filed a notice of appeal of the trial court's summary judgment ruling to this Court. In addition, appellants filed a motion for attorney fees against MWCD for MWCD's pursuing the aforementioned motion for attorney fees against them.
The trial court conducted a hearing on the parties' cross motions for attorney fees on April 1, 1998. The trial court denied both parties' motions via Judgment Entry filed April 22, 1998. It is from that judgment entry appellants prosecute this appeal, assigning as error:
 BASED UPON THE EXHIBITS WHICH WERE ADMITTED BY STIPULATION AT THE HEARING OF APRIL 1, 1998, AND BASED UPON THE FINDINGS OF THE TRIAL COURT IN ITS JUDGMENT ENTRY OF APRIL 22, 1998, THE COURT BELOW ERRED IN DENYING PLAINTIFFS' MOTION FOR THEIR ATTORNEY FEES.
In its judgment entry, the trial court stated:
 Taxpayers seeking a determination of the law through a declaratory judgment action under the circumstances of this case should not be subjected to the punitive action of being assessed for frivolous conduct when the Court resolves the question against them. The Courts of this state should be open to allow citizens to challenge the limits of authority of a political subdivision. That is one of the reasons why we have Courts in this country i.e. to determine what in fact a law means. Plaintiff has a sound basis to bring their action for declaratory judgment and they have every right to appeal this Court's ruling. Defendant Muskingum Watershed Conservancy District, though victorious on the merits, did not have a sound basis to bring its Motion for Sanctions. Muskingum Watershed Conservancy District attempted to recover its attorney fees from the Plaintiffs without citing any decision remotely comparable to the facts of this case. Muskingum Watershed Conservancy District, in essence, brought an unfounded motion against the Plaintiffs because they appealed this Court's ruling. Muskingum Watershed Conservancy District has greater resources when compared to that of a private citizen. It should not use such resources to punish a citizen who challenges its authority through the legitimate use of Ohio's declaratory judgment statute.
April 22, 1998 Judgment Entry at 7.
Despite the above cited statement, some of which appellees assert is unsupported by the record[1], the trial court did not find MWCD or its attorney, James Pringle, "guilty of frivolous conduct by seeking attorney fees against plaintiffs." (April 22, 1998 Judgment Entry at 7-8).
Appellants claim, based upon the trial court's conclusion MWCD's motion for attorney fees was unfounded and served to punish them for exercising their right of appeal, they were entitled to attorney fees as a matter of law.
Both parties agree this Court's standard of review is whether the trial court abused its discretion. State ex. rel. Fant v.Sykes (1987), 29 Ohio St.3d 65 and Turowski v. Johnson (1991),70 Ohio App.3d 118, 121-122. To find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable. Ruwe v. Board of Springfield Township Trustees
(1987), 29 Ohio St.3d 59, 61.
Although the trial court's conclusions as to the impropriety of MWCD's motion for attorney fees would have supported a discretionary award of attorney fees to appellants, we do not find the failure to do so was an abuse of discretion. Even where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty still lies within the court's discretion. Wiltberger v. Davis (1996), 10 Ohio App.3d 46,52.
Appellant's sole assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Appellees have not filed a cross-appeal and/or cross-assignments of error.