Domestic Linen Supply Laundry Company ("Domestic") appeals the Adams County Court of Common Pleas' judgment terminating its rental agreement with Aero Frame and awarding attorney fees to Aero Frame. Domestic asserts that the trial court erred by exercising jurisdiction over Aero Frame's claim, contrary to a clause in the rental agreement providing that all disputes over five thousand dollars are to be resolved by an American Arbitration Association ("AAA") panel. We disagree, because Aero Frame filed an equitable claim, and therefore, pursuant to the rental agreement, Aero Frame was free to seek relief in court. Domestic also asserts that the trial court erred by awarding attorney fees to Aero Frame. We disagree, because Domestic breached the rental agreement and the plain and ordinary language of the rental agreement provides for an award of attorney fees to the non-breaching party. Finally, Domestic asserts that the trial court abused its discretion in determining the amount of the attorney fees to which Aero Frame was entitled. We disagree, because the trial court had sufficient evidence before it to support its determination that the fees awarded were reasonable. Accordingly, we affirm the judgment of the trial court.
 I.
In January 1996, Aero Frame and Domestic entered into a sixty month rental agreement (the "Rental Agreement"), which Domestic drafted, under which Domestic was to provide the delivery and laundry of Aero Frame's employees' uniforms. During the first nine months the Rental Agreement was in effect, Aero Frame repeatedly complained about the quality of the goods and services provided by Domestic, but Domestic failed to remedy the problems to Aero Frame's satisfaction. In October 1996, Aero Frame sought to terminate the Rental Agreement based upon Domestic's inadequate performance.
Domestic refused Aero Frame's request to terminate the Rental Agreement, and demanded that Aero Frame immediately pay Domestic more than $49,000 for Aero Frame's breach of the Rental Agreement. Alternatively, Domestic offered Aero Frame the option of resuming use of Domestic's services. Aero Frame filed a complaint for breach of contract in the Adams County Court of Common Pleas, seeking a declaratory judgment terminating the Rental Agreement and an injunction barring Domestic from seeking relief under the terms of the Rental Agreement.
Domestic filed a motion to compel arbitration before an AAA panel pursuant to a clause in the Rental Agreement. The trial court denied the motion, finding that the arbitration clause did not apply to Aero Frame's equitable claim. The trial court then set the case for court conducted arbitration.
Following the completion of discovery, a panel of three arbitrators heard the case and issued an award in favor of Aero Frame, terminating the contract. Domestic did not appeal the panel's award to the trial court, and the trial court entered final judgment in accordance with the arbitration. Aero Frame then filed a motion for an award of attorney fees pursuant to the Rental Agreement, and supported its motion with an affidavit. Domestic opposed the motion, but filed no affidavit or other type of evidence contesting the reasonableness of the fee award sought by Aero Frame. The trial court awarded Aero Frame attorney fees in the amount of $26,029.10.
Domestic appeals, asserting the following assignments of error:
 I. THE COURT ERRED IN FAILING TO UNIFORMLY APPLY THE ARBITRATION CLAUSE OF THE CONTRACT BETWEEN THE LITIGANTS.
 II. THE COURT ERRED IN MAKING AN AWARD OF ATTORNEY FEES BASED ON THE DECISION OF THE ARBITRATORS.
 III. THE COURT ERRED IN MAKING AN AWARD OF ATTORNEY FEES WITHOUT REQUIRING THE APPROPRIATE PRESENTATION OF EVIDENCE AND CONSIDERATION OF THE REQUIRED FACTORS IN VILLELLA V. WAIKEM MOTORS.
 II.
Domestic asserts in its first assignment of error that the trial court erred by failing to uniformly apply the arbitration clause of the contract between the parties. Specifically, Domestic complains that, while that the trial court erroneously refused to enforce Domestic's contractual right to arbitrate before the AAA, it enforced the arbitration clause's provision awarding attorney fees to the non-breaching party.
The Rental Agreement between Domestic and Aero Frame provides in pertinent part:
 In the event of any controversy or claim in excess of $5,000.00 arising out of or relating to this agreement * * * the question, controversy or dispute shall be submitted to and settled by arbitration * * * in accordance with the then prevailing arbitration rules of the America Arbitration Association. * * * The filing party may use either court or arbitration where the claim is less than $5,000.00. * * * The judge or arbitrator shall include as part of the award all costs including reasonable attorney fees and arbitration fees of the non-breaching party where it is determined that one of the parties has breached the agreement.
(Emphasis added.) Domestic contends that the trial court erred in retaining jurisdiction over this dispute because in so doing the trial court refused to enforce the arbitration clause in the Rental Agreement. However, as Aero Frame points out, the terms of the arbitration clause give the filing party the option of using the court, rather than the AAA, to resolve a claim for less than five thousand dollars. Although the law favors and encourages arbitration, a party cannot be compelled to arbitrate a dispute which it has not agreed to arbitrate. See Divine Constr. Co. v. Ohio-American Water Co. (1991),75 Ohio App.3d 311, 316. In determining whether a party consented to arbitration, we presume that the parties' intent resides in the ordinary meaning of the language employed in their agreement. See Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130, paragraph one of the syllabus.
As the filing party in this case, Aero Frame sought equitable relief: a declaratory judgment terminating the Rental Agreement and an injunction preventing Domestic from attempting to enforce the Rental Agreement. Because Aero Frame sought only equitable relief, by definition the claim had no monetary value. Thus, under the terms of the arbitration clause of the Rental Agreement, Aero Frame was free to file its claim in court.
 III.
In the remainder of its first assignment of error, and in its second assignment of error, Domestic advances a number of arguments supporting its contention that the trial court erred by awarding attorney fees to Aero Frame.
First, Domestic asserts that the trial court cannot equitably award attorney fees in this case, because doing so requires the court to enforce only part of the arbitration clause of the Rental Agreement. The arbitration clause provides not only for disputes to be resolved by an AAA panel, but also for an award of attorney fees to the non-breaching party. Domestic argues that Aero Frame cannot benefit now by seeking the trial court to enforce the attorney fees portion of the arbitration clause, since it previously asked the court to disregard the AAA portion of the arbitration clause. Moreover, Domestic asserts that it would be inequitable to allow Aero Frame to collect attorney fees given that Domestic never even sought to enforce the Rental Agreement until it was hauled into court by Aero Frame.
We found in section II, supra, that Aero Frame abided by the arbitration clause when it sought equitable relief in the trial court. Thus, the trial court did not allow Aero Frame to pick and choose which terms of the arbitration clause it would enforce. Rather, the trial court gave full effect to all portions of the arbitration clause. Therefore, we disagree with Domestic's claim that the trial court inequitably enforced the arbitration clause of the Rental Agreement.
We also find Domestic's claim that it attempted to avoid litigation disingenuous given the correspondence preceding Aero Frame's compliant which each party submitted to the record. In fact, upon receiving notification of Aero Frame's intent to terminate the Rental Agreement, Domestic demanded that Aero Frame immediately pay nearly fifty thousand dollars or resume service under the Rental Agreement, and further reminded Aero Frame of the Rental Agreement's attorney fees clause. Thus, Domestic's claim that enforcing the attorney fees clause is inequitable based on Aero Frame's actions also is not well taken.
Next, Domestic asserts that terms of the arbitration clause of the Rental Agreement prevent the trial court from awarding attorney fees to Aero Frame. Domestic relies on the language in the arbitration clause which provides that attorney fees shall be granted to the non-breaching party only "where it is determined that one of the parties has breached the agreement," and asserts that the trial court made no such finding in this case. Aero Frame argues that the trial court implicitly found that Domestic breached the agreement.
Aero Frame sought termination of the Rental Agreement solely on the grounds that Domestic breached its obligations under the agreement. The trial court entered judgment for Aero Frame without qualification, declaring that the contract was terminated, that Domestic's counterclaim was dismissed, and that costs were taxed to Domestic. Though the trial court did not issue findings of fact, it could not have ruled in favor of Aero Frame without finding that Domestic breached the agreement. Moreover, Domestic, as drafter of the Rental Agreement, exposed itself to liability for attorney fees not available at common law. We therefore construe the Rental Agreement against Domestic, and find that the trial court merely enforced the terms of the Rental Agreement when it awarded attorney fees to Aero Frame.
Accordingly, we overrule the remainder of Domestic's first assignment of error, and Domestic's entire second assignment of error.
 IV.
In its final assignment of error, Domestic asserts that the trial court erred by awarding attorney fees without requiring Aero Frame to present appropriate evidence of the factors courts must consider to determine the proper amount of attorney fees.
A trial court's decision as to the appropriate amount of attorney fees to award is within the broad discretion of the trial court, and cannot be reversed absent an abuse of that discretion. Atwood Resources, Inc. v. Lehigh (1994), 98 Ohio App.3d 293,300. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
Though our standard of review is abuse of discretion, Domestic is correct in its assertion that, before a trial court can award attorney fees, it must have some evidence before it regarding the reasonableness of such fees. Villella v. WaikemMotors, Inc. (1989), 45 Ohio St.3d 36, 41; Yarber v. Cooper
(1988), 61 Ohio App.3d 609, 614-615. Determining an award of such fees is "* * * predicated upon evidence adduced by the parties * * *." Id., citing Forquer v. Colony Club (1985),26 Ohio App.3d 178, 180. The trier of fact should consider several specific factors in determining the amount of attorney fees to award, including: 1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; 2) customary fees in the locality for similar legal services; 3) result obtained; and 4) experience, reputation and ability of counsel. Villella at 41; Murrell v. Williamsburg Local Sch.Dist. (1993), 92 Ohio App.3d 92. Where the prevailing party presents evidence that fees are reasonable, and the opposing party presents no evidence showing that the fees are not reasonable, the uncontroverted evidence is sufficient to support a fee award in the amount requested. Murrell at 97.
In Villella, the party seeking attorney fees did not present any evidence regarding the time the attorneys spent on the case, the rates they charged, or the prevailing rates of attorneys in similar circumstances. Villella at 41. The Supreme Court of Ohio found that, because the jury received no guidance in determining attorney fees, the award was arbitrary. Id.
Therefore, the court remanded the case for a redetermination of the attorney fees award. Id.
In this case, Aero Frame presented some evidence to the trial court in the form of its own affadavits. The affidavits contained sworn statements that the time spent on the case and rates charged were reasonable and at the prevailing rate within the geographic area; that an attorney of lesser skill, with a lower hourly rate, was used whenever possible on matters requiring lesser skill; and that the time spent and fees charged were reasonable and necessary to obtaining favorable results for Aero Frame.
Though Domestic opposed Aero Frame's motion for attorney fees, it presented no evidence showing that the fees were not reasonable. Rather, Domestic argued that Aero Frame was not entitled to fees at all under the Rental Agreement. Domestic also argued that the attorney fees Aero Frame requested were "completely undocumented," but conceeded that the Aero Frame affadavits constituted evidence before the court. Domestic did not request a hearing or the opportunity to present witnesses in opposition to Aero Frame's request for attorney fees. Thus, the uncontroverted evidence in the record reflects that the attorney fees Aero Frame requested are reasonable.
We find the present case distinguishable fromVillella in that Aero Frame presented some evidence of the reasonableness of its fees. Moreover, in the absence of evidence to the contrary, we find that the trial court did not abuse its discretion in finding that the attorney fees Aero Frame requested were reasonable. See Murrell at 97, citing EarlEvans Chevrolet, Inc. v. Gen. Motors Corp. (1991), 74 Ohio App.3d 266,286. As in Murrell, "[i]n the absence of any other evidence, we presume the trial court's determination of attorney's fees to be error-free." Murrell, quoting Yarber,supra, 61 Ohio App.3d at 616. Accordingly, we find that the trial court did not err by relying on the evidence before it to award attorney fees or abuse its discretion by determining what amount of fees was reasonable based on that evidence.
Accordingly, we overrule Domestic's third assignment of error.
 V.
In conclusion, we find that the plain language of the Rental Agreement authorized Aero Frame to assert its claim for equitable relief in court. Additionally, we find that the plain language of the Rental Agreement required the trial court to award attorney fees to Aero Frame because the trial court found that Domestic breached the Rental Agreement. We furthermore find that awarding attorney fees to Aero Frame is not inequitable. Finally, we find that the trial court did not abuse its discretion in determining the amount of attorney fees.
Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: _________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.