OPINION
This is an appeal from the Court of Common Pleas, Stark County which granted Summary Judgment to Defendant-Appellee, Allstate Insurance Company, and further awarded attorney fees to such Defendant-Appellee based on the presentation of frivolous claims.
The Assignments of Error are:
 I. THE COURT ERRED IN GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT.
 II. THE COURT ERRED IN AWARDING ATTORNEY'S FEES TO ALLSTATE ON THE BASIS THAT THE McCUTCHEON'S CLAIMS WERE FRIVOLOUS.
 I.
As to the First Assignment of Error, Civ. R. 56(C) states, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v.The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
While there are many allegations as to the conduct of Allstate's representative, some of which may have been reprehensible or perhaps even rose to the level of misrepresentation, if they occurred, nothing in the record supports the claims purportedly made, other than counsel's statement of what appellant told her. (T. at 9-10).
The trial court correctly held that no private cause of action against an insurance company arises under the Ohio Administrative Code as alleged in the third cause of action. Strack v. Westfield Companies (1986),33 Ohio App.3d 336.
The bad faith claim alleged in Plaintiff-Appellant's complaint does not arise between a third party and a tortfeasor's carrier. Thornton v.Windsor House, Inc. (1991), 57 Ohio St.3d 158 . This is acknowledged by appellant in their brief. (T. at 8).
Appellants asserted to the trial court and this court that because of the releases and indemnity with respect to the children's claims that potential liability arises. Not only are the children not parties, which gives rise to mere speculation, but no substantiation in the record appears as to the indemnity aspect of any releases given, nor as to the assurances or legal advice given by any Allstate representatives.
Nor are fraud or misrepresentation supported by the record.
The fact that various Attorneys General of other States have commenced actions against Allstate is insufficient to establish what, if anything, occurred here.
No deposition testimony nor affidavits creating a disputed material fact appears in the record.
Therefore, under Civ. R. 56, the trial court did not err in granting Summary Judgment.
Appellant's First Assignment of Error is overruled.
 II.
The Second Assignment of Error on its face presents an interesting question.
The mere fact that a lawsuit is filed which conflicts with present case or statutory law would not necessarily be "frivolous conduct".
Cases are legion in which existing law has been reinterpreted by higher courts.
An historical example would be the elimination of the "guest" statute.
However, some evidence in support of the assertions must be provided for the court to consider the legal arguments being made.
Here, nothing by way of affidavit or testimony was provided other than counsel's beliefs.
In this case the only issue which appears to be raised by appellants is the reasonable value of the fees requested, although cross examination is somewhat lacking on this aspect.
Murrell v. Williamsburg Local School District (1993), 92 Ohio App.3d 92
is similar to the case sub judice in that a bad faith claim was filed against the tortfeasor's insurance carrier. In that case, as here, copies of bills were provided.
The trial court, having determined that frivolous claims were filed as to Allstate, was within its sound discretion under R.C. § 2323.51 to award fees based on the testimony provided.
The Second Assignment of Error is therefore rejected.
The decision of the trial court is affirmed.
Appellee has filed a Motion to strike portions of appellant's brief. While the arguments are compelling, there is no need to address such Motion due to the affirmation of the rulings as addressed herein.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is Affirmed.
Costs to Appellants.
Hon. John F. Boggins, J. Hon. Julie A. Edwards, P.J. concur. Hon. John W. Wise, J. concurs separately.