OPINION
Plaintiff-appellant, Ron Stake, appeals from the September 7, 2001 Franklin County Court of Common Pleas' decision and entry granting in part appellant's objections to the magistrate's decision; granting appellant's motion to extend time to file transcript on objections; and adopting and modifying the magistrate's decision. For the reasons that follow, we affirm the decision of the trial court.
Defendants-appellees are International Brotherhood of Teamsters ("IBT") Local No. 413 ("Local 413"), Bob Branson, Bob Weber, Nick Markos, Tom Ward, William Sell, and Jimmy Duff. Branson, Weber, Markos, Ward, Sell, and Duff are either employees or retirees of the United Parcel Service ("UPS"), and members of Local 413. In January 1995, Duff,[1] President of Local 413, appointed Branson, Weber, Markos, Ward, and Sell as members to serve on Local 413's insurance committee. As members of the committee, the five individuals were responsible for screening health insurance proposals on behalf of Local 413. The members' role on the committee was purely advisory. In 1995, appellant served as the insurance broker for United Health Care ("UHC") and agent of record for the health insurance plan for UPS employees or retirees.
On or about September 26, 1997, following a dispute with Local 413 and Duff, Duff terminated appellant as the agent of record.[2] After appellant's termination, Local 413 had an election for union officers. At the election, the opposing candidates heavily debated the issue of health insurance coverage. Appellees issued to the UPS employees a two-page election statement entitled, "The Truth About Your Insurance From Your Insurance Committee." Appellees Branson, Weber, Markos, Ward and Sell signed the statement. The committee issued the document to refute accusations that had been made against the insurance committee during the election campaign. This document contained statements about appellant.
On November 21, 1997, appellant filed a complaint against appellees, alleging libel and defamation, conspiracy, and breach of agreement. For each of the allegations, appellant sought compensatory damages in excess of $25,000 and punitive damages in an amount in excess of $25,000.
In September 1998, appellant and appellee Duff were deposed. In December 1998, appellees Weber and Sell were deposed. In February 1999, appellees Branson, Markos, and Ward were deposed, and non-party witnesses were deposed in February 1999 and March 1999. All depositions were concluded in March 1999.
On March 26, 1999, appellees Branson, Weber, Markos, Ward, and Sell moved the trial court for summary judgment against appellant. On March 30, 1999, appellees IBT, Local 413, and Duff moved the trial court for summary judgment against appellant. Appellant filed a memorandum contra to appellees' motion for summary judgment. On November 26, 1999, the trial court granted appellees' motion for summary judgment.
On January 10, 2000, appellees Branson, Weber, Markos, Ward, and Sell moved the trial court, pursuant to R.C. 2323.51, for an award of attorney fees against appellant for frivolous conduct. On January 27, 2000, appellant filed a memorandum contra. On June 6, 2000, a hearing was conducted before the magistrate where appellant admitted that he had no evidence that any of the statements in the "The Truth About Your Insurance From Your Insurance Committee" document were false, or that the committee members conspired to have him terminated as insurance broker/agent of record for Local 413.
On October 6, 2000, the magistrate granted appellees Branson, Weber, Markos, Ward, and Sell's motion for award of attorney's fees finding that, pursuant to R.C. 2323.51, the committee members were entitled to an award of attorney fees for defending the action after March 1999. The magistrate held that once the depositions were completed in March 1999, appellant's actions in continuing to prosecute the case were not warranted under existing law, or could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. The magistrate concluded that the amount of attorney fees would be determined in a subsequent hearing. On January 9, 2001, the trial court adopted the magistrate's decision.
On January 22, 2001, appellees Branson, Weber, Markos, Ward, and Sell filed a supplemental memorandum in support of the motion for attorney fees. As a result of defending the action after March 1999, appellees Branson, Weber, Markos, Ward, and Sell allege that they incurred reasonable and necessary attorney fees in the amount of $6,315. On February 5, 2001, appellant filed a memorandum contra to appellees Branson, Weber, Markos, Ward, and Sell's supplemental memorandum for attorney fees.
On May 4, 2001, an evidentiary hearing was held. On May 7, 2001, the magistrate held that appellees Branson, Weber, Markos, Ward, and Sell were entitled to an award of attorney fees in the amount of $6,315 against appellant.
On May 18, 2001, appellant filed objections to the magistrate's May 7, 2001 decision. On May 29, 2001, appellees Branson, Weber, Markos, Ward, and Sell filed a memorandum contra to appellant's objections. On June 15, 2001, appellant filed a motion to extend time to file transcript on objections. The trial court granted appellant an extension to file the transcript and, on August 1, 2001, appellant timely filed the transcript. On August 3, 2001, appellant filed a supplemental memorandum in support of objections, where he addressed the same objections set forth in his May 18, 2001 objections, but cited to appropriate portions of the transcript. On August 16, 2001, appellees Branson, Weber, Markos, Ward, and Sell filed a supplemental memorandum contra to appellant's objections.
Appellant objected to the May 7, 2001 magistrate's decision, arguing that the facts and conclusions of law were insufficient as a matter of law. Appellant's objections to the magistrate's decision were two fold. First, appellant contended that the magistrate's decision did not include a cut-off date for calculating attorney fees. Secondly, appellant contended that the magistrate's decision was insufficient because there was no "credible evidence" regarding the attorney fees admitted at the May 4, 2001 evidentiary hearing.
On September 7, 2001, the trial court granted in part appellant's objection to the magistrate's decision, granted appellant's motion to extend time to file transcript on objections, and adopted and modified the magistrate's decision. In responding to appellant's first objection, the trial court agreed with appellant that the May 7, 2001 magistrate's decision did not make reference to a cut-off point for calculating fees. However, the trial court held that, although the magistrate's May 7, 2001 decision did not state a cut-off date for calculating attorney fees, the magistrate did determine at the May 4, 2001 evidentiary hearing that March 26, 2001 was the cut-off point for calculating fees. As such, the trial court incorporated the magistrate's determination into the May 7, 2001 magistrate's decision.
The trial court disagreed with appellant's second objection stating that counsel for appellees offered testimony as to the nature of the work he performed, the costs he incurred as counsel, and the reasonableness and necessity of the work he performed. Additionally, the trial court found that appellant failed to present any witnesses or evidence to refute appellees' claims for attorney fees. As such, the trial court ordered appellant to pay appellees Branson, Weber, Markos, Ward, and Sell $6,315 in attorney fees incurred in defending the action. It is from this September 7, 2001 decision and entry that appellant appeals, assigning the following two assignments of error:
"Assignment of Error 1
 "The trial court erred in determining the point at which appellant was liable for fees.
"Assignment of Error 2
 "The trial court erred in awarding fees based on the lack of evidence and failure to apply the correct legal standard."
In his first assignment of error, appellant argues that the trial court erred in not assigning a later cut-off point for determining appellant's liability for attorney fees. Appellant contends that the magistrate first ruled that he would be liable for attorney fees after March 1999, but then the magistrate immediately reversed her decision, and held that appellant would be liable for attorney fees incurred as a result of appellees' preparation and filing of the motion for summary judgment on March 26, 1999. Appellant contends that the magistrate was correct in first ruling that the cut off would be April 1, 1999 forward. As such, appellant contends that the magistrate's decision should be afforded its plain meaning.
Civ.R. 53(E)(4)(b) provides that a "court shall rule on any objections" to a magistrate's decision, and a "court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." "Civ.R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings." Hartt v. Munobe (1993), 67 Ohio St.3d 3,5.
On August 1, 2001, appellant filed transcripts of the magistrate's hearing. As a result of appellant filing the transcripts, the trial court was capable of conducting an independent review of the magistrate's decision. More importantly, the trial court was presented with evidence to support its own conclusions. After its independent analysis of the transcript of the May 4 proceeding, the trial court held that the magistrate did determine at the evidentiary hearing that attorney fees incurred with preparing and filing the motion for summary judgment were to be included in calculating attorney fees. The trial court had within its authority the ability to modify the magistrate's decision to incorporate the magistrate's determinations of the evidentiary hearing in her May 7 decision. Civ.R. 53(E)(4)(b). As a direct result of its review, the trial court adopted and modified the magistrate's decision. As such, we find that the trial court did not abuse its discretion by adopting and modifying the magistrate's decision based upon the weight of the evidence after conducting an independent review. Accordingly, appellant's first assignment of error is not well-taken and is overruled.
In his second assignment of error, appellant argues that the trial court abused its discretion in awarding attorney fees without sufficient evidence. Appellant contends that there was not sufficient evidence presented to satisfy the legal standard for determining attorney fees set forth in DR 2-106. In Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52, this court stated:
"[N]o single standard of review applies in R.C. 2323.51 cases. The inquiry necessarily must be one of mixed questions of fact and law.
"With respect to purely legal issues, we are persuaded by the * * * line of cases which provide for a de novo standard of review. When an inquiry is purely a question of law, clearly an appellate court need not defer to the judgment of the trial court. However, we do find some degree of deference appropriate in reviewing a trial court's factual determinations; accordingly, we will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings. This standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279 * * *.
"Finally, where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. * * *" (Emphasis sic.)
The language of R.C. 2323.51(B)(1) vests the trial court with the discretion to "award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct." In this case, the magistrate held that appellant's action in continuing to prosecute the action was frivolous because the action was not warranted under existing law, and could not be supported by a good-faith argument for an extension, modification, or reversal of existing law. "Where a determination has been made that an entire lawsuit, a certain claim or claims, or a defense or defenses asserted in a civil action were frivolous, the party seeking R.C. 2323.51 attorney fees must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." Wiltberger, at 54; R.C. 2323.51(B)(5).
The record contains competent, credible evidence supporting the trial court's determination that appellees proved that they were adversely affected by appellant's conduct. At the May 4, 2001 evidentiary hearing on appellees' motion for attorney fees, appellees' counsel, Robert P. DiRosario testified. DiRosario testified to the nature of the work he performed, the time spent on the case, and that his hourly rates charged fell well below the prevailing rate within the geographic area. Appellant presented no evidence demonstrating that DiRosario's fees were not reasonable. Where a prevailing party presents evidence that fees are reasonable, and the opposing party presents no evidence showing that the fees are not reasonable, the uncontroverted evidence is sufficient to support a fee award in the amount requested. Murrell v. Williamsburg Local School Dist. (1993), 92 Ohio App.3d 92.
Based upon a review of the record in the instant case, we find no error in the trial court's finding that appellant's pursuit of the claims against appellees Branson, Weber, Markos, Ward, and Sell constituted frivolous conduct. We further find no merit to appellant's contention that appellees failed to show that they were adversely affected by the frivolous conduct. There was evidence presented that appellees "incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular." Wiltberger, at 54; Crooks v. Consolidated Stores Corp. (Feb. 4, 1999), Franklin App. No. 98AP-83. Accordingly, appellant's second assignment of error lacks merit and is overruled.
For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
[1] Duff was president of Local 413 from January 1995 to January 1998.
[2] Duff alleges in his affidavit attached to defendant IBT Local 413's Motion to Dismiss and/or Summary Judgment, that appellant was terminated due to appellant's failure to include, in the original insurance contract, a provision for a waiver of the premium in the event of a strike, appellant's failure to offer strong support to the union's position, appellant's failure to attend a critical meeting with UHC president, and appellant's apparent agreement with UHC that UHC is entitled to be reimbursed for lost premiums.