THE GOODYEAR TIRE & RUBBER CO. *v.* MARHOFER.

144

(Decided December 31, 1930.)

*Messrs. Seikel, Hill & Seikel* and *Mr. C. B. Hunt,* for plaintiff in error.

*Messrs. Glenn & Glenn,* for defendant in error.

SHERICK, J.  The Goodyear Tire & Rubber Company, defendant below, seeks a reversal in this court of the judgment entered against it in the court of common pleas of Coshocton county.  The cause of action grows out of an injury sustained by Viola Marhofer, plaintiff below, in a collision on State Route 16, at a point where it is intersected by a road of lesser importance.  The plaintiff was proceeding

south on the intersecting road, stopped, and then made a left-hand turn into and proceeded east over and upon the south or what would be to her the right-hand side of the main highway. At this point the company's car, then being driven west on the main highway by an employee, and then being used as a tire-testing car, collided head on with the plaintiff's car.

The plaintiff charged the defendant company with numerous acts of negligence, among which are excessive speed, driving on the wrong side of the road, and recklessness in not heeding danger signs; and in defense the company made answer admitting that it owned the car, but generally denied the charges of negligence. It also advanced in its defense the issues of sole negligence and contributory negligence, which are denied in the reply.

At the conclusion of the plaintiff's case, she having rested, the company moved for an instructed verdict for two reasons: First, that the plaintiff had failed to prove that the driver of the car was its agent, and at the time acting within the scope of his authority and upon his master's business; second, that the plaintiff's evidence raised a reasonable presumption of negligence on her part directly contributing to her injury, and that no evidence had been offered to dispel such presumption.

It next appears from the record that the defendant reserved the right to offer evidence in support of its answer if the court should overrule its motion. It is next disclosed that the motion was argued and that the court indicated that it was his understanding that defendant's admission of ownership of the

car did not prove the matter of agency, that plaintiff's proof of the matter of agency was indispensable and that such had not been offered. But before the court ruled on this motion, and it does not appear that such was ever ruled upon, plaintiff's counsel suggested to the court that if the court was in doubt thereon they desired to introduce further evidence, and asked leave to call the driver of the defendant's car as their own witness. The court then made remark that as the record then stood the plaintiff had not made a case, but that he would in his discretion permit the case to be reopened, which was done under objection. And this question has been properly saved throughout the record.

The company now claims that the court erred in not sustaining its motion, upon both theories, and erred in an abuse of discretionary power in permitting the plaintiff to reopen her case.

Considering first the second ground upon which the motion was predicated, we are unable, after a careful reading of the record to this point, to convince ourselves that the plaintiff's own testimony raised a presumption of negligence on her part that directly contributed to her injury. It is clear from the record that the plaintiff stopped at the intersection in such a position that looking was made effective, and she says that she looked before proceeding into the main highway. This fact, upon the motion, should be taken as true. The defendant throughout the plaintiff's case, and thereafter, manfully sought to show that its car first arrived at the intersection, and that plaintiff was negligent in entering upon the road without looking, and we believe

that counsel's zeal in their attempt to establish these facts, and by reason of slight conflict in plaintiff's testimony, led them to an assertion of a rule which was inapplicable to the situation developed. Different minds might arrive at different conclusions from the facts developed; and hence the question raised was not one of law, and the court would have erred had it sustained the motion on this ground.

Considering now the defendant's motion upon the theory of a total lack of evidence on the matter of proof of agency, for such cannot be assumed or proof thereof made unnecessary by an admission of ownership, we entertain the view that this matter must be considered in conjunction with the exercise of a court's discretionary power in the interest of justice to permit a cause to be reopened for the purpose of receiving material and necessary evidence, inadvertently omitted, when such evidence, or want thereof, must control the court's ruling on a motion for a directed verdict, as in the instant case.

Had the plaintiff made no offer to prove the essential matter of agency, or confessed her inability to make proof thereof, there can be no question that the motion should have been sustained; but we are of firm conviction that the rule now contended for should not be imposed and visited upon the plaintiff. There is reposed in the trial court the right to exercise a sound discretion. And it would not have been proper in this instance for the court in its discretion to have defeated the ends of justice by the application of the technical rule insisted upon, and had the court sustained this motion we would have unhesitatingly been drawn to the conclusion that justice had

not been done, and that the court's power had been arbitrarily and improperly exercised. We are of one mind that *Ketchem* v. *Miller,* 104 Ohio St., 372, 136 N. E., 145, and *Siegal* v. *Portage Yellow Cab Co.,* 23 Ohio App., 438, 155 N. E., 145, correctly state the law and fully support the rule announced.

It is next charged that the court erroneously permitted the plaintiff to prove the question of agency by the testimony of the defendant's agent or employee; and that he was an incompetent witness to prove such facts. We must admit that it was unusual, and no doubt dangerous, to attempt to make such proof in this fashion, for the reason that the plaintiff would have been bound by his answer. But in this case the plaintiff was successful; had she been unsuccessful we do not believe that defendant would be heard to say that the witness was incompetent, but rather would he say that plaintiff was bound by the testimony of him who had been called as her own witness.

This question seems to have been considered but once by an Ohio court, and that in the very early case of *Administrators of Cox* v. *Hill,* 3 Ohio, 411, 424. In that case the court briefly stated that, "Between parties affected by his acts, he may be called upon to prove his agency, or to prove the fact that he acted without authority," and we believe, in view of the fact that the later statutes of this state do not disqualify an agent from so testifying, that the court therein stated the rule which is now the law of this state. In commenting on the question presented it is said in 2 Corpus Juris, page 933, Section 689:

"The rule that the declarations of an agent are,

as against his principal, inadmissible to prove the fact of his agency does not apply to his testimony as a witness on the trial in which such fact is in issue; and consequently the testimony of the agent, unless he is disqualified for some other reason, is competent to establish the fact of his agency, and the existence of facts from which the agency may be inferred, at least where the authority was verbally conferred; and to refuse to allow him to testify and be cross-examined is reversible error.''

To the same effect, see Mechem on Agency (2d Ed.), vol. 1, Section 291, page 211, also Section 292; 21 Ruling Case Law, 821; 1 Corpus Juris, 638; *Dowell* v. *Williams,* 33 Kan., 319, 6 P., 600; *Rope* v. *Hess,* 118 N. Y., 668, 23 N. E., 128; *Paterson & Edey Lumber Co.* v. *Bank of Mobile,* 203 Ala., 536, 84 So., 721, 10 A. L. R., 1037; and *State* v. *Kelly,* 27 N. M., 412, 202 P., 524, 21 A. L. R., 156.

It is quickly discernible that this rule rests upon a different foundation than the expression of a hearsay rule that an agent's declarations, when not a part of the *res gestae,* are inadmissible to bind his principal; and the nature and extent of his authority, where it rests in parol, and is not otherwise barred by some express rule of law, like the statute of frauds, is as competent and admissible as that of any other witness to prove or disprove the alleged agency. Its credibility is, of course, another matter, and with that the jury, or the trial court in a proper case, is only concerned.

It is further urged that this testimony was incompetent for the reason that the defendant is a corporation, and that in such instance agency cannot be

so proved, as it is not the best evidence, and that the corporation can only be bound by its officers and its records. To this, in view of the many reported cases to the contrary, we believe it sufficient to say that there is no such favored exception extended a corporation from the rule herein previously announced.

The defendant further charges that the trial court erred in the admission of certain testimony offered by the plaintiff on rebuttal, pertaining to an alleged statement of the driver of the defendant's car made several days after the accident. The one question and answer objected to concerned a declaration, not a part of the *res gestae,* made by defendant's agent, which imparted to him the statement that had he remained on his right side of the road the collision would not have happened. We believe this bit of testimony was perhaps improperly admitted, but we do not feel in face of the whole record that it was erroneously prejudicial to the rights of the defendant, or was in any way decisive of the issues involved.

The defendant also complains of the charge. This we have carefully examined, and to our notion we find it strongly in favor of the defendant, and we would direct attention to the fact that the court in the matter of charging contributory negligence stated that if the plaintiff's own testimony raised a presumption of such, it became the duty of the plaintiff to remove such presumption. This was an unwarranted burden, as we understand it. See *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 160 N. E., 898, 58 A. L. R., 1476. But in spite thereof the plaintiff prevailed. We are therefore of opinion, having in

mind all the evidence, and the defendant's special requests, and the charges as given, that this verdict should not be disturbed, and we believe that the jury rightly solved the question before it.

It is contended that the verdict is excessive.

We find no passion or prejudice evidenced by the record, and we do find creditable proof to support the injury sustained. In such event this court is hesitant to enter a *remittitur* or to substitute its judgment for that of the jury.

Finding no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.