IN RE ADOPTION OF EARHART.*

---

*Motion to certify the record overruled (37169), October 25, 1961,

74

(No. 573—Decided April 15, 1961.)

*Messrs. Faust & Harrelson*, for appellants Harold Earhart and Evelyn Earhart.

*Messrs. Scharrer & Porter*, for appellee Dorothy Wood.

KERNS, J. This is an appeal on questions of law from a judgment of the Probate Court of Miami County.

On November 19, 1959, Harold and Evelyn Earhart filed an amended petition for leave to adopt Cathy Jane Wood, a child born on February 4, 1957, at Troy, Ohio. The name of the father of the child is unknown and the name of the mother of the child is Dorothy Wood. The amended petition alleges, *inter alia*, that the mother "has willfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of the amended petition."

Section 3107.06, Revised Code, provides in part:

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition, the court shall cause notice of the filing of said petition and the allegations of such failure to be given such parents as provided in Sections 2101.26 to 2101.28, inclusive, of the Revised Code. After such notice has been given, the court shall determine the issue as to such failure to properly support and maintain the child. The consent of a parent found by the court to have willfully failed to properly

support and maintain the child for such period shall not be required.''

Pursuant to this provision of the statute, the trial court determined the issue in favor of the respondent, appellee herein, and entered judgment denying the amended petition for adoption.

In the appeal to this court, the appellant claims that ''the court erred in admitting evidence over the objection of the petitioners.'' This assignment of error is predicated upon facts which show that, some time after the hearing of the case but before judgment, the appellee changed attorneys; that new counsel prepared a paper designated ''stipulation of facts''; that such paper was presented to counsel for petitioners, who refused to sign it; that a motion was then made to reopen the case for submission of the so-called ''stipulation of facts'' as evidence; and that that motion was sustained over the objection of the appellants. The evidence so admitted shows the filing dates and status of two habeas corpus proceedings instituted by the appellee in the Court of Common Pleas of Miami County and the filing dates and disposition of two criminal actions brought against the appellee in the Municipal Court of Troy as the result of attempts by her to secure the possession of her child. All these actions were commenced within two years prior to the filing date of the petition for adoption, and were undoubtedly submitted for the purpose of showing that the failure of the appellee to maintain and support her child was not willful, intentional or voluntary.

Generally, it is within the sound discretion of a trial court, in the interest of justice, to permit either party to reopen the case and introduce further evidence, although all parties have rested. 3 Ohio Jurisprudence (2d), 751, Section 772; 39 Ohio Jurisprudence, 650, Section 76.

Here there is no serious dispute concerning the content of the so-called ''stipulation.'' In fact, appellants' counsel admitted in oral argument to this court that the content thereof is substantially true. This being so, and it also being apparent that the evidence admitted after the reopening of the case went to the heart of the only issue before the court, it cannot be said that the trial court abused its discretion in reopening the case for the purpose of admitting such evidence. And having done

so, the case was also reopened for the appellants for all purposes. *Ketcham* v. *Miller*, 104 Ohio St., 372. Furthermore, we are of the opinion that the evidence in the record, exclusive of the evidence admitted after the reopening of the case, is ample to support the judgment. The first assignment of error is, therefore, without merit.

For their second assignment of error, the appellants claim "the verdict is against the weight of the evidence and is contrary to law," and base their argument in support thereof upon the fact that the appellee contributed nothing toward the support of the child. The phrase, "willfully failed to properly support and maintain," in Section 3107.06, Revised Code, implies more, however, than a mere failure to provide financial support. *In re Adoption of Biddle*, 168 Ohio St., 209; *Poet* v. *Rosinski*, 60 Ohio Law Abs., 513. This court has defined the word, "willfully," as used in the statute, to mean "intentional." *In re Adoption of Gates*, 53 Ohio Law Abs., 315. See, also, *In re Adoption of Shaw*, 91 Ohio App., 347, 353.

In this case, there is a complete absence of proof that the failure to properly support and maintain the child was willful.

On the contrary, the evidence shows that the failure was imposed by circumstances, and was contrary to the express will of the appellee. The second assignment of error is not well made.

The facts leading to the instant controversy, though extremely unfortunate, are not unfamiliar to many of the Probate Courts of Ohio. And in reviewing the adoption statutes, it does not appear to be beyond legislative power to prohibit the physical placement of any child with prospective adoptive parents by any agency unless and until all ties between the natural parents and the child are legally severed.

However, our duty respecting the only issue presented to us in this appeal is clear.

The judgment must be, and hereby is, affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.