**PISANICK–MILLER, Appellee,**

v.

**ROULETTE PONTIAC–CADILLAC GMC, INC., Appellant.**

[Cite as *Pisanick–Miller v. Roulette Pontiac–Cadillac GMC, Inc.* (1991), 62 Ohio App.3d 757.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–034.

Decided Jan. 18, 1991.

*Talikka, Ischie & Hennig* and *Wilbur N. Ischie,* for appellee.

*Dworken & Bernstein Co., L.P.A.,* and *Patrick J. Perotti,* for appellant.

PETER C. ECONOMUS, Judge.

In March 1988, appellee, Mary Pisanick–Miller, initiated an action in the Lake County Court of Common Pleas against appellant, Roulette Pontiac–Cadillac GMC, Inc. The complaint alleged that appellee had experienced numerous difficulties with an automobile she had leased from appellant in December 1984. As grounds for recovery, appellee alleged a breach of an express warranty, a breach of an implied warranty of merchantability, fraudulent misrepresentation, and unfair business practices.

In its answer, appellant denied the majority of the allegations in the complaint and asserted five affirmative defenses. Appellant also filed a third-party complaint against the Cadillac Division of the General Motors Corporation, seeking indemnification on the grounds that the third-party defendant was the manufacturer and primary seller of the vehicle in question.

In September 1988, appellee filed an amended complaint. This pleading alleged the same four causes of action as had been pled in the original complaint. However, in relation to the most recent difficulty appellee had with the car, the amended complaint stated the problem had been caused by "accelerator surge."

After appellant and the third-party defendant had answered, the parties engaged in preliminary discovery. Then, in December 1988, appellee filed a notice of dismissal of the action, pursuant to Civ.R. 41.

One month after the dismissal, appellant moved the trial court for an order assessing attorney fees and costs in its favor and against appellee's counsel. This motion was made pursuant to Civ.R. 11 and R.C. 2323.51. An abbreviated hearing was held on the motion on February 8, during which appellant's counsel presented testimony concerning the amount of hours he had spent on the case. Appellee's counsel did not present any evidence at the hearing; however, one day later, counsel submitted an affidavit to the court explaining

the basis of the action. Appellant moved the trial court to strike the affidavit from the record, but this motion was denied.

Based upon its review of the entire case, the trial court denied appellant's motion for fees and costs. In its judgment entry, the court emphasized that even though appellant had raised the defenses of *res judicata* and the statute of limitations in its answer, it never moved to dismiss the case; as a result, appellant had failed to take the necessary steps to terminate the action as soon as possible.

Upon filing a notice of appeal with this court, appellant moved the trial court to amend or alter its judgment, pursuant to Civ.R. 60(B). Under this motion, appellant argued that even if it had been derelict in moving for a dismissal of the complaint, it was still entitled to recover those fees which it would have incurred in following the correct procedure. The trial court denied this motion, holding that appellant had failed to establish at the hearing that appellee's suit was frivolous.

On appeal from this judgment, appellant has assigned the following as error:

"1. The trial court erred in considering the post-hearing submission by appellee's counsel.

"2. The trial court erred and misapplied the minimization or mitigation of damages rule.

"3. The trial court erred and abused its discretion in holding that the filing and/or prosecution of this complaint was not frivolous conduct under Rule 11 and/or R.C. 2323.51."

Near the conclusion of the hearing on appellant's motion for fees, the trial court told the parties that the matter would have to be continued if they wanted to present any further evidence. Both parties replied that a continuance was not necessary and then proceeded to give their closing arguments. Six days following the hearing, appellee's counsel filed an affidavit with the court. In this document, counsel stated his reason for bringing the suit. This included references to statements by his client and expert witnesses.

In its first assignment, appellant contends that the trial court erred in not striking counsel's affidavit from the record. Appellant argues that the affidavit should not have been considered because its submission was not in accordance with the normal procedure for the introduction of evidence. For the reasons which follow, this court finds this argument to be well taken.

Appellant's motion was brought, in part, under R.C. 2323.51, which provides for the payment of reasonable attorney fees to any party adversely affected by frivolous conduct in a civil action. R.C. 2323.51(B)(2)(c) states that upon

the filing of a motion for fees, the trial court must conduct a hearing, at which the parties and counsel must be given the opportunity to present any evidence relevant to the issues raised. That section also provides that the trial court must then determine whether frivolous conduct has occurred and whether the moving party has been adversely affected.

In interpreting this provision, at least one appellate district has held that a hearing on a motion for attorney fees is not mandatory in all situations. See *In re Annexation of 18.23 Acres of Land in Bath Township* (Jan. 11, 1989), Summit App. No. 13669, unreported, 1989 WL 1643. However, the use of the word "must" in the statute implies that the holding of the hearing is not discretionary. As a result, this court concludes that a motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise.

In the trial context, a party generally does not have the right to reopen his case and submit further evidence after he has rested; however, a court can, within its discretion, allow a party to do so when the circumstances warrant such relief. 89 Ohio Jurisprudence 3d (1989) 188, Trial, Section 151; *In re Adoption of Earhart* (1961), 117 Ohio App. 73, 23 O.O.2d 156, 190 N.E.2d 468. In most instances, courts have allowed the introduction of further evidence when it had recently been discovered or omitted by mistake. See, *e.g.*, *Goodyear Tire & Rubber Co. v. Marhofer* (1930), 38 Ohio App. 143, 176 N.E. 120.

 Although the decision to allow the introduction of further evidence is within the trial court's discretion, it is clear that once a case has been reopened, the opposing party must be given an opportunity to also submit additional evidence. *Ketcham v. Miller* (1922), 104 Ohio St. 372, 136 N.E. 145. This holding is obviously based upon due process considerations.

 While a hearing on a motion for fees under R.C. 2323.51 is not the same as a trial on the merits, the same principle is clearly applicable. In this case, there is no indication in the record that the statements contained in counsel's affidavit pertained to any newly discovered evidence. Counsel was present at the hearing and easily could have introduced his evidence at that time or following a continuance. As a result of counsel's actions, appellant was denied the opportunity to cross-examine counsel as to the merits of his statements.

Pursuant to the foregoing analysis, this court agrees that the trial court erred in denying appellant's motion to strike opposing counsel's affidavit. In relation to this issue, though, a review of the record before us also shows that

appellant followed the same procedure as appellee in submitting certain evidence concerning its motion. At the motion hearing, the testimony appellant presented pertained solely to the issue of the amount of time its counsel had spent on the case. Appellant did not submit any evidence concerning appellee's conduct and whether it had been frivolous.

Then, two days following the hearing, appellant filed a brief in support of its motion. In this brief, appellant basically argued that appellee's actions in initiating this suit had been frivolous because her claim had been settled in a prior action. Attached to this brief were copies of the complaint appellee had filed in the first action and the settlement which had terminated the action. Although these two documents were not certified by an accompanying affidavit, they clearly constituted evidence which should have been presented at the motion hearing.

As was noted above, at the conclusion of the motion hearing, both parties declined the opportunity to have the matter continued in order to present further evidence. Thus, in accordance with our previous discussion, both parties had technically rested at that point, and neither should have been allowed to submit any further evidence as to the motion without leave of court. Moreover, since the record clearly shows that such leave was never granted, it follows that the trial court erred in considering the evidentiary materials submitted by both parties after the hearing.

■ Also under this assignment, appellant submits that counsel's affidavit should not have been considered because it was based on hearsay. Appellant notes that the affidavit refers to statements by appellee and expert witnesses concerning the condition of the vehicle in question. In making reference to these statements, though, appellee's counsel was attempting to show the basis of the complaint. Accordingly, the statements were not being submitted for the truth of the matter asserted and cannot be considered hearsay. See Evid.R. 801(C).

■ Appellant's final two assignments address the merits of the trial court's judgment. Under its second assignment, appellant contends the court erred in denying any recovery based upon its failure to minimize its damages. In its third assignment, appellant asserts that the court erred in not finding that the filing of this lawsuit was not frivolous conduct. For the sake of clarity, the third assignment will be addressed first.

In order to establish frivolous conduct under R.C. 2323.51(A)(2), the moving party must show that the actions of a party or his counsel fall within one of the following categories:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

The standard for the imposition of sanctions pursuant to Civ.R. 11 is somewhat similar. Under that rule, the signature of the attorney on the pleading is meant to certify that he believes "there is a good ground to support" the claim.

In moving for attorney fees under both of these provisions, appellant essentially maintained that the four claims asserted in appellee's complaint were groundless. In support of this position, appellant presented two arguments. First, appellant argued that appellee was barred from asserting the claims because the accelerator problem had been raised and settled in a prior suit between appellee and General Motors. Second, appellant submitted that each of appellee's claims was either barred under the applicable statute of limitations or not supported by the facts.

In presenting these arguments in its post-hearing brief, appellant relied primarily upon a copy of the complaint appellee had filed in the prior suit and a copy of the settlement. As was noted previously, these particular documents were not introduced as evidence during the motion hearing, but instead were attached to appellant's brief. Accordingly, as we discussed under the first assignment, these documents technically were not properly before the trial court as evidence.

Since she also attempted to submit evidentiary material to the trial court following the hearing, appellee never objected to appellant's documents. As a general rule, the failure to object constitutes a waiver of any error which occurs at the trial level. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629. If this rule was strictly applied in this case, it would mean that appellant's documents could be considered in determining the merits of this third assignment, even though the supplemental evidence of both parties was not properly before the court.

Considering the circumstances in this case, though, it is evident that appellee's failure to object was predicated upon her position that the parties could submit further evidence following the motion hearing. Given the typical motion procedure, this position was not untenable. Had the trial court granted appellant's motion to strike counsel's affidavit, it is safe to assume that appellee would have objected to appellant's documents, given the obvious nature of the violation. Any other conclusion would allow appellant to benefit from the very error upon which his first assignment was based.

Without the documents attached to appellant's brief, the record before this court contains very little information concerning the prior suit. Again, appellant's counsel did not present any evidence concerning the suit at the motion hearing, nor was it referred to in any of appellant's pleadings. The record does contain a copy of appellee's deposition, in which she mentioned the suit. However, her testimony does not relate any of the specifics of the suit.

During the deposition, appellee did state that the problem which formed the basis of the second action had occurred a number of times before and that it had been referred to during the prior litigation. This raises the inference that the accelerator problem might have been part of the settlement in the first action. However, the amended complaint alleged that the same problem had occurred again in January 1988, which was after the settlement. In relation to its motion, appellant failed to present any evidence showing that appellee's counsel was not basing the amended complaint on the alleged reoccurrence of the problem. Thus, when only the evidence which was properly before the trial court is considered, appellant failed to establish that the amended complaint was groundless.

■ Turning back to the second assignment, appellant contends that the trial court erred in denying recovery of any attorney fees because appellant had failed to mitigate its damages. As noted earlier, in its original entry, the trial court emphasized the fact that appellant had never moved to dismiss the case before it was voluntarily dismissed. Appellant now contends that under the mitigation rule, it was entitled to recovery of those fees it would have incurred if it had moved to dismissed the complaint at the proper time.

Research on this particular point has failed to reveal any cases in which an Ohio court has applied the mitigation rule to an award of attorney fees under R.C. 2323.51 or Civ.R. 11. However, as appellant points out, R.C. 2323.-51(B)(3)(a) states that the movant is only entitled to reasonable fees "that would have been charged for legal services necessitated by the frivolous conduct * * *." This language implies that the movant cannot recover fees which were incurred as a result of his own improper conduct.

■ As it is typically applied, though, the rule concerning the mitigation of damages does not act as a complete bar to recovery. Instead, the doctrine merely prohibits the recovery of the increased loss. 30 Ohio Jurisprudence 3d (1981) 27, Damages, Section 16. As a practical matter, there is no reason why this rule would not apply in this context. Thus, based upon its stated holding in its first judgment entry, the trial court erred in its application of the mitigation rule in this case.

Pursuant to our discussion under the first assignment, the judgment of the trial court is reversed and the case is remanded for a new hearing on appellant's motion for attorney fees.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting by assignment, in the Eleventh Appellate District.

PETER C. ECONOMUS, J., of the Court of Common Pleas of Mahoning County, sitting by assignment in the Eleventh Appellate District.