OPINION
{¶ 1} This accelerated appeal arises from the Girard Municipal Court. Appellants, David and Debra Rossi ("the Rossis"), appeal the granting of summary judgment by the trial court in favor of appellees, Vernon T. Worona and Worona Home Inspections, Inc., ("Worona").
{¶ 2} Robert and Lisa Teter purchased a home from the Rossis. In January 1997, the Teters filed suit against the Rossis asserting several claims relating to the sale of the home including a failure to disclose basement water leakage and structural defects.
{¶ 3} The Rossis contended that any basement water problems and structural defects were discovered and disclosed to the Teters in an inspection report performed by Worona and filed a motion for summary judgment. The trial court entered summary judgment in favor of the Rossis and the Teters appealed to this court. This court reversed the granting of the motion for summary judgment and remanded the case to the trial court.[1]
{¶ 4} On remand, the Rossis filed their third party complaint against Worona. The complaint asserted causes of action against Worona based on negligence, breach of contract, indemnity and contribution theories.
{¶ 5} Worona filed a motion for summary judgment/motion to dismiss, which was subsequently granted by the trial court. Worona then filed a motion for award of attorney fees asserting that the Rossis had no basis in law for bringing the action against Worona since the trial court had already recognized that the inspection report issued by Worona was sufficient and had put the parties on notice of possible basement problems.
{¶ 6} The Rossis did not file a response to the motion for award of attorney fees. A hearing was held on the matter in July 2001, before a magistrate. The magistrate concluded that the lawsuit brought against Worona by the Rossis was frivolous under R.C. 2323.51(A)(2) and an award of attorney fees to Worona was warranted. The trial court ultimately adopted the magistrate's findings and awarded attorney fees in the amount of $2,293.50, expenses in the amount of $217.85 and costs against the Rossis and their attorney, William Roux.
{¶ 7} The Rossis filed this timely appeal asserting four assignments of error. The first assignment of error is:
 {¶ 8} "The trial court erred to the prejudice of appellants by granting summary judgment to appellees on the amended third-party complaint."
{¶ 9} The Rossis assert that the trial court erred in granting summary judgment in favor of Worona when there was a genuine issue of fact as to whether the inspection report generated by Worona was negligent and that the Rossis were third party beneficiaries of the inspection contract between the plaintiffs and Worona.
{¶ 10} Worona contends that summary judgment was proper, in that the trial court had previously ruled that the inspection report itself was sufficient to put the plaintiffs on notice of a problem and the Rossis had conceded that the inspection report indicated a problem in sworn affidavits submitted to the trial court in the original complaint brought by the plaintiffs. Worona further asserts that the Rossis were not third party beneficiaries to the contract between the plaintiffs and Worona.
{¶ 11} Worona also contends that even if the trial court erred in granting summary judgment in favor of Worona, such error was harmless and the third party complaint was rendered moot when judgment was later entered in favor of the Rossis on the primary complaint.
{¶ 12} This court relied on a Supreme Court of Ohio holding inWise v. Gursky for the proposition that where a judgment has been rendered for the defendants in an original complaint and the issues are similar to those raised in a third party complaint, a "determination of the issues raised in the third-party complaint was not necessary as a result of the judgment on the original complaint."[2] Therefore, once a judgment in favor of the defendants in an original complaint has been issued, the identical issues presented in a third party complaint are rendered moot.
{¶ 13} In the case sub judice, an action was filed by the plaintiff-homebuyers against the Rossis in January 1997, alleging fraud. The Rossis prevailed on summary judgment in January 1998. That summary judgment was reversed by this court in June 1999. On remand, the Rossis then brought Worona in as third party defendants. Their third party complaint was filed on June 8, 2000. Worona filed a motion for summary judgment and motion to dismiss on October 13, 2000. The trial court granted Worona's motion for summary judgment and motion to dismiss on March 28, 2001. After trial, a judgment for the defendants was later entered in July 2001.
{¶ 14} Once the judgment entry was entered in favor of the Rossis in the original action, the third party complaint became moot.
{¶ 15} Appellants' first assignment of error is without merit.
{¶ 16} Appellants' second, third and fourth assignments of error relate to whether the trial court properly granted an award of attorney fees to Worona. Appellants argue that the trial court erred in awarding Worona attorney fees based upon Civ.R. 11, R.C. 2323.51 as well as the testimony at the hearing.
{¶ 17} Appellants' second assignment of error is:
 {¶ 18} "The trial court erred to the prejudice of the appellants by granting appellees' motion for an award of attorney fees under Civil Rule 11."
{¶ 19} Attorney fees are not warranted under Civ.R. 11 where the attorney signing the document (1) has read the pleading, (2) harbors good grounds to support it to the best of his or her knowledge, information, and belief, and (3) did not file it for purposes of delay.[3] If the trial court determines that any of these requirements are not met, it must find counsel's conduct to be willful and not merely negligent before awarding attorney fees.[4]
{¶ 20} Appellants' contention is that the trial court improperly awarded attorney fees under Civ.R. 11 without an express finding that counsel willfully violated any of the preceding three requirements.
{¶ 21} We agree that there must be a finding that there was a willful violation before attorney fees may be awarded pursuant to Civ.R. 11. The magistrate's decision of August 6, 2001, mentions Civ.R. 11 but never makes a finding that appellants' counsel did not read the pleading, did not harbor good grounds to support the pleading or filed it for purposes of delay. Moreover, the magistrate's decision never makes a finding that counsel's conduct was willful as opposed to negligent under Civ.R. 11. It is unclear from the language in the decision that there was any violation under Civ.R. 11. The trial court subsequently accepted the magistrate's decision in a judgment entry dated November 6, 2001, with no mention of Civ.R. 11. Therefore, without an express finding that appellants' counsel violated a tenet of Civ.R. 11, an award of attorney fees under the rule is not warranted.
{¶ 22} Appellants' second assignment of error is with merit.
{¶ 23} Appellants' third assignment of error is:
 {¶ 24} "The trial court erred to the prejudice of appellants by granting appellees' motion for an award of attorney fees under R.C. 2323.51."
{¶ 25} R.C. 2323.51(A) reads, in pertinent part:
 {¶ 26} "(2) `Frivolous conduct' means either of the following:
 {¶ 27} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 28} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 {¶ 29} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
{¶ 30} The magistrate's decision states appellants' third party complaint constituted frivolous conduct under R.C. 2323.51 because in the original action appellants:
 {¶ 31} "acknowledged by affidavit in their motion for summary judgment against the plaintiff that the home inspection report clearly identified and gave notice of water problems in the basement. When they were unsuccessful with their motion for summary judgment based upon those facts sworn to in their affidavit, they filed a cause of action against the third-party defendants for which they could only prevail by disproving the very facts they previously sworn (sic) to in their affidavits."
{¶ 32} In the original action appellants asserted, via affidavits, that the inspection report issued by Worona was sufficient to put the plaintiffs on notice that there were problems with water in the basement of the home. Appellants prevailed on summary judgment only to have that ruling reversed by this court. This court held that summary judgment was not proper as there was a genuine issue of material fact as to whether the inspection report provided sufficient notice to plaintiffs of the water problems. It was on remand from this court that appellants filed their third party complaint against Worona, alleging the inspection was negligent.
{¶ 33} Attorney fees can only be awarded under R.C. 2323.51 if, atthe time appellants filed their third party complaint, the action was brought to harass or maliciously injure Worona or the claim was not warranted under existing law and there was no good faith basis for an extension or modification of existing law.
{¶ 34} When appellants filed their complaint against Worona there had been a reversal of summary judgment where they had initially prevailed. Any finding by the trial court, on summary judgment, that the inspection report was sufficient was subsequently reversed. Therefore, although their affidavits in support of summary judgment stated that the inspection report was sufficient to put plaintiffs on notice of a problem, that did not preclude appellants from asserting in their complaint against Worona that the inspection report was negligent.
{¶ 35} Other districts have held that attorney fees cannot be awarded under R.C. 2323.51 simply based on the assertion of a claim that is not well grounded in fact.[5] We agree with both the Second and Seventh Districts that R.C. 2323.51 requires a finding of malicious conduct or that the pleading was brought with no basis in existing law or a good faith basis for the modification of existing law. Attorney fees cannot be awarded based solely on a party's decision to argue in the alternative in contradiction to a previous affidavit.
{¶ 36} Appellants' third assignment of error is with merit.
{¶ 37} Appellants' fourth assignment of error is:
 {¶ 38} "The trial court erred to the prejudice of appellants by granting appellees' motion for an award of attorney fees based on the evidence presented at the hearing on said motion."
{¶ 39} Appellants' final assignment of error asserts that the trial court erred in granting an award of attorney fees based on the evidence that was presented at the hearing. Specifically, appellants argue that the only evidence offered at the hearing on the motion for attorney fees was testimony by Mr. Worona. Mr. Worona testified that he had hired counsel to represent Worona, that he was billed by counsel regarding the defense of the third party complaint and that he thought the fees were reasonable. There was no other evidence or testimony offered in support of Worona's motion.
{¶ 40} "A motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise."[6]
Moreover, the party seeking attorney fees under R.C. 2323.51 must affirmatively demonstrate that he or she incurred additional attorney fees as a direct, identifiable result of defending the frivolous conduct in particular.[7] Therefore, the trial court was required to base its decision to award attorney fees solely on the evidence brought forth at the hearing and Worona had the burden of affirmatively demonstrating that it incurred the attorney fees as a direct result of appellants' frivolous conduct.
{¶ 41} The transcript of the hearing reveals the testimony by Mr. Worona regarding the hiring of counsel and the amount of fees charged. There was no other evidence proffered regarding the basis for the motion. There was never any mention of appellant's previous affidavits. Worona argues that the court was asked to take judicial notice of the court's file which contained all the evidentiary material which supported the claim of frivolous conduct. We do not find this to be sufficient. We hold that pursuant to the holding in Pisanick-Miller, the party seeking an award of attorney fees has the burden of proffering sufficient evidence to support that claim at the motion hearing. A request by Worona for the court to take judicial notice of evidentiary material contained in the court's file does not establish a claim for an award of attorney fees.
{¶ 42} Appellants' fourth assignment of error is with merit.
{¶ 43} The judgment of the trial court regarding summary judgment is affirmed. The judgment on the motion to award attorney fees is reversed.
ROBERT A. NADER, J., concurs, JUDITH A. CHRISTLEY, J., concurs in part, dissents in part, with Concurring/Dissenting Opinion.
[1] Teter v. Rossi (June 12, 1999), 11th Dist. No. 98-T-0044, 1999 WL 418003.
[2] Corporate Leasing Internatl., Inc. v. Polke (Sept. 16, 1994), 11th Dist. No. 93-L-141, 1994 Ohio App. LEXIS 4096, at *2-3 citing Wise v.Gursky (1981), 66 Ohio St.2d 241.
[3] Haubeil Sons Asphalt Materials, Inc. v. Brewer Brewer Sons,Inc. (1989), 57 Ohio App.3d 22, 23.
[4] Id.
[5] See Richmond Glass Aluminum Corp. v. Wynn (Sept. 5, 1991), 7th Dist. No. 90-C-46, 1991 Ohio App. LEXIS 4195; Hickman v. Murray (Mar. 22, 1996), 2d Dist. No. CA 15030, 1996 Ohio App. LEXIS 1028.
[6] Pisanick-Miller v. Roulette Pontiac-Cadillac GMC, Inc. (1991),62 Ohio App.3d 757, paragraph two of the syllabus.
[7] Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 54.