OPINION
{¶ 1} Appellant, Thomas Brown, appeals from the judgment entered by the Newton Falls Municipal Court. The court entered judgment in favor of appellee, James Hineman.
 {¶ 2} Initially, we note that while both Thomas and Tina Brown's names appear on the notice of appeal and the brief filed with this court, only Thomas has signed them. Both signatures should have been placed on these filings. As Thomas is not an attorney, he cannot represent the interests of Tina.[1] Due to an oversight by this court, these errors were not initially discovered. Regardless of this fact, Tina Brown is not a party to this appeal, as she has not appealed the decision of the trial court. Accordingly, we will allow the appeal to proceed, but address the assigned errors only in relation to appellant, Thomas Brown.
 {¶ 3} The Browns were tenants in a house owned by Hineman. In a note, dated July 31, 2001, they advised Hineman of their intention to move out of the house at the end of August 2001. After they moved out of the residence, Hineman presented a bill, dated October 2, 2001, in the amount of $2,459, to the Browns. The bill stated that the Browns owed Hineman $395 for damage to the yard, $2,414 for damage to the house, and $100 for removal of trash, for a total of $2,909. The security deposit of $450 was subtracted from this amount to arrive at $2,459. The Browns did not pay this bill. On October 11, 2001, Hineman filed this lawsuit seeking $2,459.
 {¶ 4} A hearing was held on November 5, 2001. According to the parties' briefs, the trial court gave Hineman until November 19, 2001, to file an itemization of damages. The trial court then entered judgment on December 12, 2001, in favor of Hineman in the amount of $1,105.50.
 {¶ 5} On appeal to this court, appellant has submitted an audiotape of the proceedings. However, "[p]roceedings recorded by means other than videotape must be transcribed into written form."[2] No written transcription has been filed. Therefore, we will consider this appeal as if no transcript of the proceedings has been filed.
 {¶ 6} Without a proper transcript before this court, we have a limited record to review. This court has held that "[i]f appellant cannot demonstrate the claimed error then we presume the regularity of the trial court proceedings and affirm the judgment."[3]
 {¶ 7} Appellant raises three assignments of error on appeal. His first assignment of error is:
 {¶ 8} "The trial court errored [sic] in allowing evidence to be presented for the court[']s consideration, which the Defendants — Appellants were not presented access to, subsequent to the close of the hearing."
 {¶ 9} The parties' briefs indicate that the trial court gave Hineman until November 19, 2001, to file an itemization of damages. In its judgment entry, the trial court indicated that "[t]he Plaintiff was given leave to file an itemized billing from the repair contractor with prices charged for each listed repair." As there has been no official transcript filed with this court, we do not know the extent of the testimony regarding these damages at the hearing.
 {¶ 10} The admission of evidence is within the discretion of the trial court.[4] In addition, the decision to allow additional evidence after the hearing is within the trial court's discretion.[5] A reversal will not be warranted unless the trial court abused its discretion.[6] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[7]
 {¶ 11} Without a transcript before us, we do not know the exact reason the trial court allowed Hineman to submit the itemization of damages. Presumably, it was to enable the court to more accurately calculate the award of judgment. Such a decision does not constitute an abuse of discretion.
 {¶ 12} Appellant claims he was never given the opportunity to examine or refute this itemization. Again, without the benefit of a transcript, we do not know what occurred at the hearing. Moreover, the itemization was filed in the record, which is a public record and is certainly available for review by a party to the proceeding. Thus, appellant could have reviewed the record, on or after November 19, 2001, to examine the itemization. Thereafter, he could have filed any objections to it.
 {¶ 13} Appellant's first assignment of error is without merit.
 {¶ 14} Appellant's second assignment of error is:
 {¶ 15} "The trial court errored [sic] in not including in the finding of failure to repair and damages to the structure, the alleged damages to the hardwood floors and to include the normal wear and tear."
 {¶ 16} A reviewing court "will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion."[8]
 {¶ 17} The trial court's judgment does not specifically mention the alleged damage to the hardwood floors. The judgment entry indicates that the court considered a variety of factors when calculating the amount of damages in this case. In its judgment entry, the trial court cited the following factors it considered in determining the amount of damages:
 {¶ 18} "First, Defendants are responsible only for those damages that exceed normal wear and tear. Second, the damages claimed in the basement and on the wall area around the tub are found to be the result of defects in the structure, etc. that the Plaintiff failed to repair in a timely manner to minimize the damage. Third, the Court finds that the labor charges claimed by the Plaintiff for work performed are excessive in light of those normally charged in the area for minor repairs and cleaning. Finally, the repair will result in a betterment of the premises in that the result will be an improvement over what the condition would have been after normal wear and tear."
 {¶ 19} This judgment entry adequately states the trial court's reasons in entering judgment in this case. The record before this court is insufficient to show that the trial court abused its discretion by failing to mention the alleged damages to the hardwood floor in its judgment entry.
 {¶ 20} Appellant's second assignment of error is without merit.
 {¶ 21} Appellant's third assignment of error is:
 {¶ 22} "The trial court errored [sic] in allowing the Plaintiff Appellee to proceed without ever have produced [sic] any itemized bill for damages. Court also ended [sic] in not itemizing the reasons for the amount awarded in the Judgment."
 {¶ 23} Pursuant to R.C. 5321.16(B), Hineman was required to provide an itemization of the deductions from the security deposit within thirty days from the end of the lease. However, in order for the Browns to receive damages under R.C. 5321.16(C), they were required to provide Hineman with written notice of their forwarding address.[9] There is no evidence in the record that the Browns provided notice of a forwarding address.
 {¶ 24} The requirement for itemization of damages, set forth in R.C. 5321.16(B), places a duty on the landlord to provide an itemized list of damages. This requirement is not imposed on a trial court. Further, there is no requirement that a trial court itemize an award of damages.
 {¶ 25} Appellant's third assignment of error is without merit.
 {¶ 26} The judgment of the trial court is affirmed.
DONALD R. FORD, J., concurs.
[1] In re Brown, Weiss and Wohl (1963), 175 Ohio St. 149, paragraph two of the syllabus.
[2] App.R. 9(A).
[3] State v. Davis (Dec. 4, 1998), 11th Dist. No. 97-P-0111, 1998 Ohio App. LEXIS 5810, at *2, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19; Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199; Bucary v. Rothrock (July 13, 1990), 11th Dist. No. 89-L-14-046, 1990 Ohio App. LEXIS 2854, at *2-3.
[4] State v. Kinney (1995), 72 Ohio St.3d 491, 497.
[5] Pisenik-Miller v. Roulette Pontiac-Cadilac GMC, Inc. (1991),62 Ohio App.3d 757, 761.
[6] Peters v. Ohio State Lottery Comm. (1992), 63 Ohio St.3d 296,299.
[7] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[8] Roberts v. United States Fid. Guar. Co. (1996),75 Ohio St.3d 630, 634, citing Blakemore v. Blakemore,5 Ohio St.3d at 219.
[9] R.C. 5321.16(B).