OPINION.
{¶ 1} Appellant, Christine Edwards, appeals the October 24, 2001, and June 7, 2002, judgment entries of the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant appeals the October 24, 2001 entry, in which the trial court adopted the magistrate's decision to overrule appellant's motion to suspend visitation. Appellant also appeals the June 7, 2002 judgment, in which the trial court declared the action frivolous and awarded attorney fees of $10,000 to appellee, William Livingstone.
 {¶ 2} The minor child, Dalton, who is the subject of this action was born on December 8, 1996. After paternity was established, appellee filed a complaint for the allocation of his parental rights and responsibilities. Appellee was granted the standard order of visitation. On October 10, 2000, appellant filed an ex parte motion suspending visitation alleging that appellee had sexually abused Dalton during one of his visits with appellee.[1] As a result, on October 11, 2000, the trial court ordered that visitation between Dalton and appellee be suspended, and that the Ashtabula County Children Services schedule weekly supervised visits pending an investigation. The court appointed a guardian ad litem on November 16, 2000, on its own motion. On November 24, 2000, appellee filed an emergency and ex parte motion for visitation denying the allegation of abuse by appellant. On November 27, 2000, the trial court granted appellee supervised visitation of one hour per week.
 {¶ 3} Thereafter, several pleadings were filed and numerous hearings were conducted. On March 13, 2001, the letter of Dr. Robin Tener ("Dr. Tener"), Dalton's clinical psychologist, was filed with the trial court. In that report, Dr. Tener opined that Dalton should be enrolled in a preschool program and that appellee's supervised visits should be extended. Further, Dr. Tener recommended that the court monitor the resumption of the visitation between Dalton and appellee. On May 11, 2001, appellee filed an emergency motion for the expansion of parenting time, which was granted.
 {¶ 4} On May 29, 2001, appellant filed a motion to appoint an attorney or separate guardian ad litem for Dalton. On May 30, 2001, appellee filed a motion to restore parenting time. On that same date, appellee also filed a motion for attorney fees and expenses. In an order dated June 13, 2001, the magistrate denied appellant's request to appoint a separate guardian ad litem. On June 14, 2001, appellee's attorney filed a supplemental affidavit for attorney fees. Attached to the affidavit was a statement of the services rendered and the hourly rate for the services as well as the time expended on each service. Thereafter, on June 18, 2001, appellee filed a motion to adopt a parenting plan. On June 22, 2001, appellee filed a motion to assess costs, fees and expenses. Appellee's attorney filed a second supplemental affidavit for attorney fees.
 {¶ 5} The guardian ad litem's report was filed with the court on August 27, 2001. In that report, the guardian ad litem recommended that appellee's rights were paramount to the grandparent's rights and that the child should have more time than the standard order of visitation with appellee and less time with the maternal grandmother. The guardian ad litem also suggested that appellant and appellee contact the Joint Courts Mediation Program. It was further the desire of the guardian ad litem that appellant, appellee and the maternal grandmother learn to control their anger and better resolve their disputes for the sake of Dalton. In a decision dated October 2, 2001, the magistrate recommended that since appellant failed to demonstrate by clear and convincing evidence that Dalton was sexually abused by appellee, appellee's visitation should be reinstated. The magistrate further determined that appellee's motion for fees with supplemental affidavits be granted, and appellee's motion to assess costs be overruled. The magistrate also concluded that appellee's motion to restore parenting time should be overruled.
 {¶ 6} Appellant filed objections to the magistrate's decision on October 16, 2001. Subsequently, appellee filed a motion to declare the action frivolous on October 24, 2001, because of the motion to suspend visitation that was filed by appellant in October of 2000. On October 24, 2001, the trial court adopted the magistrate's October 2, 2001 decision, and also overruled appellant's objections to that decision. Thereafter, pursuant to a remand from our court to rule on the motion to declare the action frivolous, the trial court issued a judgment entry on June 7, 2002, in which it determined that appellant's motion filed on October 10, 2000, was frivolous, and thus, the trial court awarded appellee the amount of $10,000 for attorney fees. Appellant timely filed the instant appeal from both the October 24, 2001 entry and the June 7, 2002 entry and now assigns the following as error:
 {¶ 7} "[1.] The trial court erred to the prejudice of appellant, in its decision filed June 7, 2002, by ordering appellant to pay appellee $10,000.00 in attorney fees.
 {¶ 8} "[2.] The trial court abused its discretion to the prejudiceof [sic] appellant by denying the appointment of a separate [guardian ad litem] or attorney for the minor child without conducting a hearing."
 {¶ 9} Under the first assignment of error, appellant argues that the trial court erred in adopting the October 2, 2001 magistrate's decision and ordering appellant to pay appellee $10,000 for attorney fees.
 {¶ 10} R.C. 2323.51 provides that a court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct. It also requires the court to hold a hearing to examine the conduct and to determine the reasonableness of the fees.
 {¶ 11} R.C. 2323.51(A)(2) defines frivolous conduct as follows:
 {¶ 12} "`Frivolous conduct' means either of the following:
 {¶ 13} "(a) Conduct of * * * other party to a civil action, * * * or of the other party's counsel of record that satisfies either of the following:
 {¶ 14} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
 {¶ 15} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 16} Unlike an award of sanctions pursuant to Civ.R. 11, an award granted under R.C. 2323.51 does not require a finding that appellant acted willfully. Ceol v. Zion Industries, Inc. (1992),81 Ohio App.3d 286, 291. Furthermore, "a motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise." Pisanick-Miller v. Roulette-Pontiac Cadillac GMC, Inc.
(1991), 62 Ohio App.3d 757, 761.
 {¶ 17} A trial court is required to engage in a two-part inquiry when presented with a R.C. 2323.51 motion for sanctions. First, the trial court must determine whether an action taken by the party against whom sanctions are sought constituted frivolous conduct. Second, if the conduct is found to be frivolous, the trial court must decide what amount, if any, for reasonable attorney fees to be awarded to the aggrieved party. Lable Co. v. Flowers (1995), 104 Ohio App.3d 227,232-233. The decision whether to impose sanctions once frivolous conduct is found rests within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Riley v.Langer (1994), 95 Ohio App.3d 151, 159.
 {¶ 18} In the instant matter, the court held a hearing on the motion for fees on June 6, 2002. The court determined that appellant's conduct was frivolous from October 2000 through October 2001, because it adversely affected both appellee and Dalton and that appellant's continued prosecution was frivolous conduct. Appellant and appellee as well as the guardian ad litem testified at the hearing. We conclude that the trial court's determinations, in its judgment entry, indicate that it imposed sanctions because appellant engaged in frivolous conduct. However, the facts of this case sufficiently support such conclusion. Accordingly, the trial court's decision to impose sanctions was not unreasonable and, therefore, did not constitute an abuse of discretion. Appellant's first assignment of error is without merit.
 {¶ 19} For her second assignment of error, appellant argues that the trial court erred by overruling her motion to appoint a separate guardian ad litem for Dalton without conducting a hearing.
 {¶ 20} Under Juv.R. 4(C), when the guardian ad litem is an attorney admitted to practice in the state of Ohio, the guardian may also serve as counsel to the ward provided no conflict between the roles exist. Furthermore, pursuant to Juv.R. 4(C), if a person is serving as guardian ad litem and as attorney for a ward and either that person or the court determines that a conflict exists between the responsibilities of the role of attorney or guardian ad litem, the court shall appoint another person as guardian ad litem for the ward.
 {¶ 21} In the case at bar, appellant contends that the trial court erred by failing to hold a hearing concerning whether to appoint a separate guardian ad litem. However, under Juv.R. 4, there is no requirement that a hearing be conducted. Furthermore, in her motion, appellant alleged that the guardian ad litem, who is an attorney licensed in the state of Ohio, only spent one hour with her family in a combined interview. Appellant also claimed that the guardian ad litem had exceeded her authority and made a determination that would make her unable to be fair and impartial as Dalton's sole representative.
 {¶ 22} However, after reviewing the record, we conclude that appellant failed to show that the trial court committed any error or abused its discretion in not appointing a separate guardian ad litem. Appellant has failed to demonstrate how the guardian ad litem was unfair or partial. The guardian ad litem's report which was filed with the trial court on August 27, 2001, revealed her reasons for her recommendation and did not reveal bias against appellant. Thus, appellant's second assignment of error lacks merit.
 {¶ 23} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
JUDITH A. CHRISTLEY, J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] We note that the motion to suspend visitation indicated in the certificate of service that appellant sent the motion to appellee's attorney on October 6, 2000. However, the motion itself is time-stamped for October 10, 2000. In the different pleading contained in the record, the October 6, 2000 date is used, but the correct date is October 10, 2000. Therefore, for purposes of this opinion, we will use the latter date.