JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Cuong Tan Nguyen appeals from a judgment that required him to pay defendant-appellee Edward Kramer and persons associated with his law firm the sum of $24,263.34 in attorney fees as a sanction for frivolous conduct in bringing a legal malpractice action against Kramer. We find that Nguyen did not engage in frivolous conduct under R.C. 2323.51 by filing the malpractice complaint and the trial court abused its discretion by awarding attorney fees and expenses.
 {¶ 2} The crux of Nguyen's malpractice complaint against Kramer was that Kramer failed to timely file a workers' compensation retaliation claim against Nguyen's employer[1] within the statutorily-allotted time period. Nguyen conceded that he had been fired on December 20, 2000. Because there is a 90-day period for filing a retaliation claim under R.C. 4123.90, Nguyen had to give his employer notice of the retaliation claim no later than March 31, 2001. When he filed his initial legal malpractice complaint against Kramer, Nguyen alleged that the attorney-client relationship did not arise until May 1, 2001, at which time he signed an "attorney-client" contract. Kramer sought dismissal of the claim on grounds that it failed to state a claim upon which relief could be granted because Nguyen had in essence admitted that he had not hired Kramer until after the limitations period on the retaliation claim had expired, thus foreclosing the possibility that any malpractice committed by Kramer would have contributed to the defeat of Nguyen's retaliation claim. *Page 4 
 {¶ 3} Nguyen voluntarily dismissed his complaint without prejudice before the court could rule on Kramer's motion to dismiss. He refiled it, this time alleging that regardless of when he signed formal documents hiring Kramer, his brother Pram had met with Kramer on December 30, 2000 (Nguyen had been out of the country at the time), thus establishing the existence of an attorney-client relationship before the limitations period for the retaliation claim had expired. The complaint also alleged that both Nguyen and Pram met with Kramer during the second week of February 2001, at which time Kramer agreed to represent Nguyen and told them that Nguyen had two years in which to file his action.
 {¶ 4} In the course of discovery, Kramer asked Nguyen to produce evidence to prove that these December 2000 and February 2001 meetings took place. Nguyen produced nothing until the eve of Pram's deposition, at which time Nguyen submitted one of Kramer's business cards, allegedly obtained by Pram during the December 30, 2000 meeting, as a means of proving the date of the meeting.
 {¶ 5} The court later denied Kramer's motion for summary judgment, ruling that the business card was enough evidence to avoid summary judgment and force a trial. During opening statements, Kramer for the first time produced a passport showing that he had been vacationing abroad on December 30, 2000. He also produced for the first time proof that he had been in New Orleans attending a CLE seminar at the time that Nguyen and Pram claimed to have met with him in the second week of February 2001. After a short in-chambers conference between the court and the parties, Nguyen again dismissed his case, this time with prejudice. *Page 5 
 {¶ 6} Kramer sought sanctions under R.C. 2323.51 against both Nguyen and his attorney, arguing that Nguyen's late assertion of December 2000 and February 2001 meetings was so "coincidental" as to constitute frivolous conduct. The court granted the motion only as to Nguyen, [2]
finding in a written opinion that Nguyen's testimony concerning two meetings with Kramer prior to the May 1, 2001 signing of the attorney-client contract was "not credible and was indisputably contradicted by his own previous sworn statements and other conduct in this case." The court ruled that Nguyen and his brother "have participated in wilful misrepresentations which easily rise to the level of frivolous, if not fraudulent, conduct" and that Nguyen's "unsupported claims" against Kramer "have not only been proven false and unsupported by the evidence but apparently concocted to extort money from Edward Kramer and his colleagues without any regard for their professional reputation."
 {¶ 7} R.C. 2323.51(A)(2)(a) defines frivolous conduct, in relevant part, as conduct by a party to a civil action when:
 {¶ 8} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 9} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law. *Page 6 
 {¶ 10} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 {¶ 11} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."
 {¶ 12} The decision to grant sanctions under R.C. 2323.51 rests with the sound discretion of the trial court and will not be overturned unless the court abused its discretion by ordering the sanctions.Taylor v. Franklin Blvd. Nursing Home, Inc. (1996), 112 Ohio App.3d 27,31.
 {¶ 13} The record shows that Nguyen alleged, among other things, that his brother met with Kramer in December 2000, and that in February 2001, he met with Kramer and was told that Kramer would represent him in his employment matter. Kramer denied these allegations, presented documentation showing he was out of town during the alleged meeting dates, and maintained that an attorney/client relationship did not exist until May of 2001. Accepting Kramer's version of events as true, the evidence shows that he signed a contract to provide legal services to Nguyen in May 2001, when Nguyen's workers' compensation retaliation claim had expired more than one month earlier. Kramer defended the malpractice action on grounds that Nguyen had not hired him until after the notice period on the workers' compensation claim had expired, thus arguing that his professional conduct had not adversely affected Nguyen. Yet despite this argument, Kramer charged and was paid $5,500 to *Page 7 
represent Nguyen on his retaliation claim and filed a complaint on Nguyen's behalf in February 2002. This February 2002 claim was the same claim Kramer argued had expired on March 31, 2001. It defies logic for Kramer to argue that the notice period for the retaliation claim expired before the formalization of the attorney/client relationship in May 2001, even though he charged and was paid money for filing that same "expired" claim well after the relationship had been formalized.
 {¶ 14} In the complaint filed on Nguyen's behalf, Kramer set forth a general public policy claim arguing that the statutory time requirement did not apply to Nguyen's case. The record does not, however, indicate that Kramer told Nguyen that the statutory time requirement for notifying his employer of the claim had expired. Additionally, Nguyen claimed that Kramer told him he had two years to pursue his claim.
 {¶ 15} Given these undisputed facts, we conclude that the court abused its discretion by finding that Nguyen's attempt to collect damages from Kramer was frivolous. Kramer took a client's fee to pursue a claim that he knew or should have known had little to no chance of succeeding. Moreover, when taking the fee, Kramer did not inform Nguyen of this almost certain likelihood of failure. Indeed, Kramer's assertions in defense of the malpractice action prove his knowledge of this point: if, as alleged in his motion to dismiss Nguyen's first complaint, the retaliation claim had been time-barred before the formation of the attorney-client relationship, Kramer knew or should have known that the retaliation claim had no chance of success. Viewed in this light, we find that Nguyen's malpractice action was not brought to harass Kramer, but to seek compensation for Kramer's decision to charge *Page 8 
him for a case that had little chance of succeeding, and furthermore not informing him of the likely outcome.
 {¶ 16} We also conclude that the court abused its discretion by failing to explore, as a matter of fact, whether the parties met during February 2001, before the statutory notice period expired.[3] Nguyen recalled meeting with Kramer during the second week of February. Kramer denied having met with him and came forward with proof to show that he was out of town from February 10, 2001 to February 15, 2001. Contrary to the trial court's determination, Kramer's evidence of being out of town on specific days in February was not conclusive of whether the two men met in February. Nguyen stated that he met with Kramer "sometime" in the second week of February in 2001. However, because the month of February started mid-week, it is not clear whether the "second week" was actually the first full week of the month or the second full week of the month. Furthermore, the dates Kramer offered as being out of town did not encompass the entire week so the possibility of meeting during this period of time cannot be "indisputably contradicted." Kramer's evidence did not completely cover the time period suggested by Nguyen.
 {¶ 17} Apart from this potential conflict in February dates, the court failed to consider uncontested evidence that on April 4, 2001, Kramer's office received a "client information *Page 9 
sheet" from Nguyen in advance of the May 1, 2001 meeting between Kramer and Nguyen. This suggested, consistent with Nguyen's assertions, that he had contact with Kramer prior to the May meeting. In fact, Nguyen testified at the hearing on the motion for sanctions that he had a conversation with Kramer at the February 2001 meeting which led to Kramer's office sending him the client information sheet. This potential conflict is proof which would have weighed significantly on the issue of whether Nguyen's "allegations or other factual contentions" had evidentiary support.
 {¶ 18} The court also abused its discretion by failing to consider the interrelated issues of whether Kramer's conduct prolonged the case and whether the conduct constituted a failure to mitigate his attorney fees. Kramer knew by June 16, 2004, upon the refiling of Nguyen's complaint, that there was an allegation that he and Nguyen met in December 2000 and February 2001. Despite having what he considered to be dispositive proof to the contrary, Kramer did not offer this proof in a dispositive motion. Instead, he waited until opening statements at trial to divulge his evidence, telling the court that Nguyen's discovery requests did not directly encompass the production of this evidence, so he had no duty to divulge it. The merit of Kramer's argument that he had no duty to produce this evidence is dubious, as it essentially set Nguyen up for the form of "trial by ambush" that has been condemned by the supreme court. See Shumaker v. Oliver B. Cannon Sons (1986),28 Ohio St.3d 367, 371.
 {¶ 19} Apart from failing to consider Kramer's culpability in withholding evidence until the last moment at trial, the court failed to consider whether Kramer properly mitigated *Page 10 
his damages. A duty to mitigate attorney fees is implied under R.C. 2323.51(B)(3)(a) because that section states that the movant is only entitled to reasonable fees "that would have been charged for legal services necessitated by the frivolous conduct." The language "necessitated by" implies that the movant is not entitled to fees which were a result of the movant's own improper conduct. Kester v.Rodgers (May 6, 1994), Lake App. Nos. 93-L-056 and 93-L-072;Pisanick-Miller v. Roulette Pontiac-Cadillac GMC, Inc. (1991),62 Ohio App.3d 757, 764. If Kramer's evidence was as good as both he and the court thought it was, he should have filed a dispositive motion prior to trial, before Kramer could accumulate $24,263.34 in attorney fees. The court should have considered whether Kramer could have mitigated his damages by seeking early termination of the case by dispositive motion rather than waiting until trial and perpetuating the proceedings. To hold otherwise would be to reward Kramer for violating the spirit of the discovery rules. The assignment of error is sustained.
 {¶ 20} This cause is reversed for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellees his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
MELODY J. STEWART, JUDGE
CHRISTINE T. McMONAGLE, J., CONCURS
SEAN C. GALLAGHER, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] Nguyen claimed that his former employer had terminated him after he made a workers' compensation claim for an injury to his hands.
[2] The court found Nguyen's attorney not liable for frivolous conduct.
[3] The allegations relating to the alleged December 2000 meeting between Nguyen's brother and Kramer are irrelevant. Nguyen's brother was merely a third party making inquiries for Nguyen. Since Nguyen was out of the country at the time his brother allegedly met with Kramer, Nguyen could not independently verify his brother's assertions. Even if the brother was untruthful about whether the meeting occurred, his actions should not be imputed to Nguyen.